These are suits brought in the court below by the appellees respectively against the International Great Northern Railroad Company, appellant in each case, for damages on account of personal injuries received by appellee F. H. Hugen, through the alleged negligence of appellant. At the date of the injuries, F. H. Hugen was a minor, and the suit of F. Hugen, who is his father, was for damages on account of expenses and loss of wage earning capacity of the son during his minority. These cases were by agreement tried together in the court below with separate pleadings, but on the same testimony, separate charges being given and separate verdicts and judgments rendered. The verdict for F. H. Hugen was for $15,000, that for F. Hugen for $1,500, of which plaintiff remitted $1,030. It was further agreed by counsel that the cases should be submitted in this court upon the same transcript and briefs.
The petitions of appellees showed good causes of action, and hence were not subject to general demurrer. There was no error in the action of the court below in overruling appellant's special exceptions to the allegations in plaintiff's petition, to the effect that it was negligence for the front door of the coach in which plaintiff was riding to be closed, as it was a question of fact to be determined by the jury upon the evidence and under proper instructions of the court, whether or not it was negligence for the defendant to so close its doors; and, further, we are of the opinion that such allegations were proper as matter of inducement, and as explaining any delay there might appear to be in F. H. Hugen's leaving the car at Gause, and as negativing contributory negligence on his part in any such delay as might be shown.
Appellant's contention that the action of the trial court in setting aside its judgment overruling plaintiff's motion for a new trial in suit No. 4052, and entertaining and granting during the same term of court a subsequent motion for new trial, filed and presented after overruling said former motion and after exception to such action by plaintiff and notice of appeal to the Court of Civil Appeals given, was beyond its jurisdiction and void, in our opinion is not sound. The jurisdiction of the District Court to set aside its own judgments continues during the term, and this is so although all the steps prescribed by the statute for the perfection of an appeal have been taken before the close of the term. (Blum v. Wettermark, 58 Tex. 125; Garza v. Baker,58 Tex. 487; Churchhill v. Martin, 65 Tex. 367
[65 Tex. 367].) Hence there was no error in the *Page 330 
court's sustaining the plaintiff's special exception to paragraph 5 of defendant's second amended original answer.
The admission of the testimony complained of in appellant's fifth assignment of error was proper. Substantial correspondence between the allegations in the petition and the proof, is all that is required. There was no substantial variance between the allegation that when F. H. Hugen struck the ground he was shocked and shaken out of his right mind, and presently became senseless and unconscious, and the evidence that after falling F. H. Hugen spoke a few words to persons who came to his assistance and then, in a few minutes, became wholly unconscious. And, further, the ground of negligence alleged being the shoving or pushing plaintiff F. H. Hugen off the platform of defendant's cars by the porter, plaintiff would not be confined in his proof as to the effects of the injuries received by him to the precise language of his petition. (Gulf, C. S. F. Ry. Co. v. Johnson, 83 Tex. 631, 632.)
The testimony, admission of which is complained of in appellant's sixth, seventh and eighth assignments of error, was properly admitted as res gestae. The statements of F. H. Hugen, according to the record, were made immediately after he received the injuries and while he lay upon the ground where he had fallen from the train, being unable to arise, and were made to parties who hastened to his assistance upon seeing him fall, and who at the time they saw him fall were not exceeding 80 yards distant from him, and evidently reached him within a very few minutes, at the outside not exceeding five minutes, and the statements were made by said plaintiff immediately upon these parties reaching him. The statements of F. H. Hugen were made in answer to questions which were not calculated to elicit or suggest any particular answer. The questions were only such as were prompted by the parties seeing the said Hugen fall from the cars to the ground and fail to get up, and the answers were such as would be prompted by the transaction, that is, by the manner or means which caused the said Hugen to be placed in the situation he was, and his statements were spontaneous, being verbal acts, or in other words, the transaction speaking through the party making the statements. (Galveston, H. S. A. Co. v. Davis, 65 S.W. Rep., 217; Houston T. C. Ry. Co. v. Weaver, 41 S.W. Rep., 848; DeWalt v. Houston, E. W. T. Ry. Co., 22 Texas Civ. App. 403[22 Tex. Civ. App. 403]; Texas Pac. Ry. Co. v. Robertson, 82 Tex. 660.)
The fact that the plaintiff testified differently on a former trial in reference to his physical or mental status at the time, or as to making any statement as to the cause or manner of receiving his injuries, did not affect the competency of his testimony on the present trial, though it might be a matter for the consideration of the jury as to the effect to be given such testimony.
There was no error in the admission of the testimony complained of in appellant's ninth assignment of error. It was proper for the plaintiff to prove that when the train reached Gause, his destination, he went to the front door of the car to open it and get out, but it was locked or otherwise fastened, in order to show the exercise of reasonable diligence on his part in attempting to debark from the train; and, further, this testimony was admissible as explaining a part of the transaction which *Page 331 
led up to that part which culminated in the plaintiff's being removed or falling from the car.
We overrule appellant's tenth assignment of error, as no probable injury is shown to have resulted to appellant on account of the court's permitting the witness Elliott to testify in rebuttal after he had been placed under the rule excluding the witnesses from the courtroom, and had violated such rule by remaining in the courtroom during the examination of other witnesses, especially in view of the fact shown by the record that the witness unintentionally violated the rule on account of being hard of hearing, and believing that he had been discharged therefrom, and had heard but little of the evidence, and plaintiff's counsel were unaware of his presence in the courtroom during the examination of other witnesses. The permitting of a witness who has remained in the courtroom and heard some of the testimony, to testify after the rule was invoked is within the sound discretion of the trial court, and will not be revised on appeal, unless an abuse of such discretion is apparent; and in this case it does not appear from the record that the court below abused its discretion in permitting said witness to testify. (Garlington v. McIntosh, 33 S.W. Rep., 389.)
Appellant's eleventh assignment of error is too general to require consideration. The second paragraph of the court's charge complained of in appellant's twelfth assignment of error correctly instructs the jury as to the degree of care due by appellant to appellee F. H. Hugen as a passenger on its train, and is not subject to any of the criticisms urged against it by appellant. It is well established by authority that a common carrier of passengers is required to exercise towards its passengers that high degree of care that a very cautious and prudent person would use under the same or similar circumstances, and that the want of such care would be negligence, and the charge complained of so instructs the jury. The plaintiff pleaded that he was a passenger on the train of appellant at the time of the accident, and there was evidence adduced on the trial in support of such pleading. This authorized the charge of which complaint is made. If appellant desired an instruction defining the degree of care owed by it to appellee, F. H. Hugen, upon the theory that the relation of carrier and passenger did not exist between it and said appellee at the time of the accident, it was its duty to request such instruction; and it requested no instruction upon that theory, except special charge No. 2, which was given by the court. The paragraph of the charge of the court complained of being authorized by the pleadings and evidence, and the charge defining the degree of care required of plaintiff under the circumstances being correct, the position of these respective instructions in the main charge of the court was unimportant.
Appellant's requested special charge No. 2 which was given by the court, and its requested special charges Nos. 3, 5 and 6, which were refused, appear to have been formulated upon the assumption that plaintiff was a passenger at the time of the accident; and in our opinion were calculated to invite the court to the view that plaintiff was a passenger at that time.
Appellant's thirteenth and fourteenth assignments of error complain in a general way of the court's charge in defining negligence as applied to the plaintiff, and in defining contributory negligence, but fails to *Page 332 
point out any substantial defect in either of such definitions. In our opinion the charge was sufficient in both respects. As above stated, the court was authorized by the pleadings and the evidence to instruct the jury as to the degree of care due by appellant to plaintiff as a passenger; and if appellant desired the issue as to whether plaintiff was a passenger at the time of his injury submitted to the jury, it should have requested an appropriate instruction submitting same.
There was no positive error in the fourth paragraph of the court's charge, complained of in appellant's sixteenth assignment of error; and there was no inconsistency between it and the appellant's special charge No. 2, given by the court, which alleged inconsistency is complained of in appellant's seventeenth assignment of error. The fourth paragraph of the court's charge instructed the jury to find for the defendant if they found that the negligence of plaintiff caused or contributed to his injury; but they were not required to find for plaintiff unless they so found, nor were they instructed that they could not find for the defendant, unless they so found. The special charge, in effect, authorized the jury to find for the defendant, if plaintiff voluntarily removed himself from the train, independent of any negligence on his part in doing so. While it was in this respect more favorable to defendant than the paragraph of the court's charge above referred to, it was not inconsistent with it.
There was no error in the refusal of the court to give appellant's requested special instruction No. 1. The subject to which it related was fully covered by its special charge No. 2, which was given to the jury. The main charge of the court instructed the jury, in effect, that they could not find for the plaintiff unless they found that he was pushed from the train by the porter, and appellant's special charge No. 2 given at its request, instructed the jury that if they believed from the evidence that plaintiff, while the train was in motion, voluntarily went upon the platform and while there either fell or voluntarily stepped, jumped or otherwise removed himself from the train in order to avoid being carried beyond the station, and sustained some or all of the injuries of which he complains, then they should find for the defendant. Hence we do not think the refusal of the court to give appellant's requested charge No. 3 was reversible error; especially in view of the fact that it reasonably appears from the record that the special charge No. 3 was requested after its special charge No. 2 had been requested and given by the court, which latter special charge is substantially the same as the former, except it does not contain the language "and that he was not pushed, shoved or otherwise caused to leave the train while it was in motion by the porter John Roberts." We think that by giving the special charge No. 3, after having already given special charge No. 2, the court would have been directing the attention of the jury too frequently to and making too prominent the claim of appellant that plaintiff had voluntarily removed himself from the train. And, further, appellant having previously requested a special charge upon the subject, which was given, was not entitled to another upon the same subject, although the latter was more specific than the former.
The court below did not err in refusing to give appellant's special requested charges Nos. 4, 5 and 6, or either of them. The master is liable *Page 333 
for what his servant does in the course of his employment, though the particular act was unauthorized and unlawful. (Texas M. Ry. Co. v. Dean, 12 Texas Ct. Rep., 434; Paraffine Co. v. Berry, 15 Texas Ct. Rep., 660.) The uncontroverted testimony shows that the porter was on duty and assisting in the operation of appellant's train at the time the testimony shows that he pushed the plaintiff F. H. Hugen off the train; and appellant would therefore be liable for the consequences of such act. As held in Railway Co. v. Dean, supra, a passenger contracts, not only for transportation, but for good treatment and against personal rudeness and every wanton interference with his person either by the carrier or its agents employed in the management of the conveyance, and a passenger is under the protection of the carrier and those of its servants to whom it commits the performance of the various duties to the passenger which it assumed by the contract.
While there is a sharp conflict in the testimony, we think it is amply sufficient to support the verdict and judgment. The verdict of the jury involves findings that the appellant was guilty of the negligence alleged against it in plaintiff's petition and submitted to the jury by the charge of the court; and also that the plaintiff F. H. Hugen was not guilty of contributory negligence in any of the respects alleged in defendant's answer. We find that these findings of fact by the jury are each supported by the evidence, as shown by the record. While the verdict in favor of F. H. Hugen is large in amount, we are not prepared to say that it is excessive, in view of the great and continued suffering experienced by him, and the very serious character of the injuries received, making him an invalid and cripple for life, and materially shortening its period.
We do not think there was any error in the action of the court below in allowing the remittitur of $1,030 to the judgment in favor of F. Hugen, and allowing the judgment to stand for the balance of $470, as the evidence showed the plaintiff to be entitled to that amount on account of the services rendered his son while sick, and expenditures incurred or paid by him on account of the son's injuries and sickness, which amount was ascertainable from the evidence by simple calculation.
No reversible error being pointed out in the record, the judgments of the court below are affirmed.
Affirmed.
 OPINION ON MOTION FOR REHEARING.
In the original opinion in this case, in considering appellant's twelfth assignment of error, we used this language: "Appellant's requested special charge No. 2, which was given by the court, and its requested special charges Nos. 3, 5 and 6, which were refused, appear to have been formulated upon the assumption that the plaintiff was a passenger at the time of the accident, and, in our opinion, were calculated to invite the court to the view that plaintiff was a passenger at that time." An inspection of these requested charges as copied in the record discloses that they are each preceded by the statement that it was requested after the general charge of the court was delivered to the jury, which would indicate that said requested charges were not presented to the court *Page 334 
for its action upon same until after the main charge had been delivered to the jury; and hence could not have had any influence upon it in reference to any instruction embraced in the main charge. This being true, the language quoted above was not justified by the record, and we therefore withdraw and strike out from the original opinion in this case the language above quoted.
We, however, take occasion to say that, in our opinion, appellant could not have been prejudiced by the charge complained of in its twelfth assignment of error, because the court in the fourth paragraph of its charge limited plaintiff's right to recover to a finding by the jury that his injuries were caused by his being pushed or shoved from the platform or steps of defendant's car by its negro porter. In our opinion such an act upon the part of appellant's servant would, as matter of law, show a failure to exercise ordinary care for the safety of plaintiff, to which degree of care he was entitled, although his relation as passenger had terminated.
The motion for rehearing is overruled.
Writ of error refused.