## GIBBONS v. McROBERTS.
### No. 4152.

Court of Civil Appeals of Texas. Texarkana. March 23, 1932.

Rehearing Denied March 31, 1932.

A. L. Robbins, of Clarksville, and R. T. Bailey, of Dallas, for appellee.

WILLSON, C. J. (after stating the case as above).

█ As noted in the statement above, the parties agreed the question made by appellant's "plea of privilege," and appellee's answer thereto, might be tried with the main suit. One of the two contentions presented by assignments in appellant's brief is that, said question having been so tried and the cause having been submitted to the jury on special issues, it was error in the trial court to overrule the plea of privilege in the absence, as was the case, of a finding by the jury that appellant had committed actionable fraud in Red River county. It conclusively appeared in the evidence that all the acts and omissions charged against appellant occurred in Red River county. That being true, we think it is plain the assignment should be overruled. It was not necessary the jury should have found a fact conclusively established as existent by the evidence. The question as to whether said acts and omissions charged against appellant constituted actionable fraud or not is not presented by the assignment nor the proposition under it, and appellant therefore is not entitled to have it determined here. It has been said that "all grounds (quoting) or reasons for attack are waived by failure to assign error, and any and all grounds of error germane to the assignment are waived if not urged in the proposition." Speer's Law of Special Issues in Texas, § 556, p. 705.

█ The other one of the two contentions is presented by an assignment of error as follows: "It was error for the trial court to submit to the jury a mixed question of law and fact as he did in special issue No. 1, wherein he submitted to the jury the question of whether or not appellant acted as the agent of appellee in the negotiations and purchase of the stock in the Gibbons Manufacturing Company owned by John J. Wade." We think the issue was not objectionable on the ground urged in the assignment and proposition under same. And appellant in his argument thereunder seems to have adopted that view of the matter, for the entire argument is devoted to an effort to show that the court's definition of the word "agent," given in connection with the issue was erroneous.

Neither of the two assignments and propositions under same in appellant's brief showing error entitling appellant to have the judgment disturbed, it is affirmed.

Jones & Jones, of Mineola, for appellant.