**ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. MOSS.**

No. 5202.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1938.

Rehearing Denied May 26, 1938.

Robertson, Leachman, Payne, Gardere & Lancaster and Thomas W. Wassell, all of Dallas, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

HALL, Justice.

The statement of the case by appellant in its brief agreed to by appellee is:

"This suit was brought by Earsell Moss to set aside an award of the Industrial Accident Board of the State of Texas on his claim for compensation for injuries allegedly sustained by him on the 20th day of March, 1935, while in the course of his employment for the National Lumber & Creosoting Company of Texarkana, Texas; which injuries, allegedly rendered him totally and permanently incapacitated from performing work or labor. It was alleged that while handling cross ties, said ties being taken from a tie dapping machine by said Earsell Moss and being loaded on a skid; that in the process of handling said railroad cross ties he received a strain to his neck and as a result of said strain the plaintiff allegedly was rendered totally and permanently incapacitated.

"It was alleged in plaintiff's original petition that the employer, within thirty days from happening thereof was given notice of injury; that claim for compensation was filed within six months from date of disability; that the award of the Industrial Accident Board was dated October 25, 1935; within twenty days thereof written notice was given the Industrial Accident Board of the plaintiff's unwillingness to abide by said award; and that within twenty days after giving such notice suit was filed in a court of competent jurisdiction to set aside the award of the Industrial Accident Board.

"The defendant interposed a general demurrer and a general denial.

"The case was tried before a jury, which found in response to issues submitted to it: (1) Plaintiff sustained an accidental personal injury on 20th day of March, 1935, in the course of his employment with the National Lumber & Creosoting Company;

(2) resulting in his total disability; (3) which disability would be permanent; (4) that failure to pay compensation in a lump sum would work a manifest hardship and injustice. Upon such findings, the court rendered judgment in plaintiff's favor for the sum of Two Thousand Four Hundred and Two Dollars and Eighty Cents ($2,402.80) with interest. That appellant's amended motion for new trial was overruled, to which it excepted and gave notice of appeal to this Honorable Court, executed a supersedeas bond, which was duly approved and duly perfected its appeal to this court."

Appellant's first proposition asserts that the trial court erred in submitting special issue No. 1-a to the jury after it had retired to consider its verdict. Special issue No. 1-a is:

"Do you find from a preponderance of the evidence that the defendant's employee, Mr. Bartlett, was notified of such injury, if any, by the plaintiff within 30 days from the 20th day of March, 1935?"

The contention is made in this proposition that the action of the trial court in giving said special issue deprived appellant of its right to argue it, "at the same time and in conjunction with the other issues as were before the court and constituted a communication from the court to the jury after they had retired to deliberate on their verdict." This proposition in no wise corresponds to the assignment of error upon which it is predicated. The assignment of error forming the basis of this proposition is: "Because the answer of the jury to special issue No. One-A submitted by the court after argument and after the jury had retired, is so contrary to the undisputed, uncontradicted and greater weight of credible testimony as to show bias, prejudice or some other improper motive on the part of the jury, and because there was no competent evidence upon which such an answer could be predicated."

It is perfectly apparent that the two have nothing in common except the reference to special issue No. 1-a.

Rule 30 for Courts of Civil Appeals is:

"Following the statement of the case there shall be stated consecutively, separately divided and numbered, the propositions or points upon which the appeal is predicated. *These shall be germane to one or more of the assignments of error,* or relate to fundamental error.

"The purpose of this rule is to enable to state immediately and briefly, and without repetition, the questions in the case and to acquaint the court at once with the propositions presented for decision." (Italics ours.)

In passing upon this rule and the effect to be given thereto, the Court of Civil Appeals at Amarillo in Standard Accident Insurance Co. v. Williams, 4 S.W.2d 1023, 1026, affirmed by Com.App., 14 S.W.2d 1015, stated: "In considering propositions urged in the brief, this court is confined to propositions based upon and germane to some assignment of error appearing in the record and brought forward in the brief. Columbian Fire Ins. Co. v. Dixie Co-op. Mail Order House (Tex.Com.App.) 276 S.W. 219. The proposition that the first special issue is duplicitous must be overruled, *because there is no assignment of error in the record attacking that issue upon such ground.* San Antonio Machine & Supply Co. v. Allen (Tex.Civ.App.) 279 S. W. 493." (Italics ours). Gibbons v. McRoberts, Tex.Civ.App., 48 S.W.2d 733. As this proposition is germane to no assignment of error brought forward by appellant and does not present fundamental error, it is respectfully overruled.

■ Should we be in error, however, in this holding, still we do not think the proposition presents a ground for reversal of the judgment herein. There is nothing in this record which indicates that appellant requested permission to argue to the jury this special issue, either singly or in connection with other issues previously given. Nor does the record reveal that the trial court refused to permit appellant to argue in said issue in any manner it thought proper. By its bill of exception No. 2 it is shown that the trial court permitted appellant to submit its objections and exceptions to special issue No. 1–a before "he read and submitted and permitted the jury to consider" same. None of which exceptions refer to a failure of the court to permit appellant to argue to the jury said special issue. We think R.C.S., Article 2198, is controlling of this question. Under its provision our courts have held that the trial court can give to the jury additional instructions without any request from it therefor. Mulligan v. McConnell Bros., Tex.Civ.App., 242 S.W. 512; James A. Dick Co. v. Yanez, Tex.Civ.App., 55 S. W.2d 600, writ refused.

■ By its second proposition complaint is made of the argument of appellee's counsel to the jury. The argument complained of is as follows: "Gentlemen of the Jury:—It seems like I am performing a double role in this case. I am trying to help my client, and to teach these lawyers from Dallas to make a speech. I presume that is why they want this statement. I don't know. I didn't know I had the reputation for being a big orator, but evidently I am, because they are getting my speech taken down, whatever I have to say, and I hope it does them a lot of good to use at other places outside of Bowie County."

This argument was objected to at the time and the objection was overruled by the trial court. We are unable to see any harmful effect this argument had on the jury even under the strict rules laid down by the Commission of Appeals in Floyd v. Fidelity Union Casualty Co., 39 S.W.2d 1091. It is simply a statement by appellee's counsel, explanatory of the fact that his argument was being taken in shorthand. Certainly it can not be said that the reference to the lawyers representing appellant as being Dallas lawyers prejudiced the rights of appellant before a Bowie County jury. It must be conceded, it seems to us, that the jury, residents of a county of the population of Bowie, would know that the attorneys representing appellant were not members of the local bar. The statement injected no new matter before the jury and the references therein were to matters and things plainly visible to the jury. It seems to us that some weight should be given to the able district judge who presided at this trial. He heard this argument and objection was made to it at the time which was promptly overruled by him. It did not even register on him, a conscientious judge, sufficiently to prompt an instruction to the jury to disregard it. We are not unmindful of the many decisions of this state regarding the question of improper argument and it would be next to impossible to harmonize them all, for the reason that each case is grounded upon a different state of facts. The rule, however, seems to be that if the argument complained of "manifestly had no effect on the verdict of the jury" a reversal is not warranted. D. & H. Truck Line v. Lavallee, Tex.Civ.App., 7 S.W.2d 661, writ refused. The most we can say of this argument is that it was amusing and was calculated to evoke no more than a mere

smile from the jury. And, taken in connection with the evidence in this entire record, it is our opinion that the jury was not led astray to any extent by this statement. Therefore this proposition is respectfully overruled.

■ By its fourth proposition appellant contends the trial court committed error in admitting in evidence over its objection the testimony of the "witness Harvey Gibbons concerning a conversation he had with appellee, Earsell Moss, to the effect Earsell Moss after the happening of the alleged accident told him (Gibbons) that he popped his neck, because such testimony was self-serving and hearsay." The record reflects that the conversation between the witness Gibbons and appellee occurred within five minutes after the alleged accident. The witness Gibbons testified, "He (appellee) leaned upon the ice box and I asked him what was the matter, and he said, 'I was hurt,' and I walked up to him, and on one side of his head the veins were swollen and I said, 'If I was you, I wouldn't load any more.'" Appellee made this statement to witness before they were through loading the last tram of ties. This testimony, in our opinion, comes within the res gestae rule. In International Travelers' Ass'n v. Griffing, Tex.Civ.App., 264 S.W. 263, 265, writ refused, Judge Looney, speaking for the court, stated the rule for res gestae as follows: "In order that evidence of acts and declarations, otherwise objectionable, may be admitted under the res gestæ rule, it must appear that they are the spontaneous outgrowth from, in fact a part of, the principal litigated act, and, in determining the question of spontaneity, the courts will also look to the condition of the declarant at the time of making the statement. A statement will ordinarily be held spontaneous if at the time when made the condition of declarant was such as to raise the inference that the effect of the occurrence on his mind still continued as when he had received an injury and was suffering severe pain. The element of time is not controlling, but is important, as it is obvious that a declaration or act is usually spontaneous in proportion as it is near in point of time to the occurrence that called it forth; but, at last, the decision of each case must turn on its own peculiar facts."

The fact alone that the testimony was elicited by questions from the witness Gibbons will not render it inadmissible. International & G. N. R. Co. v. Hugen, 45 Tex.Civ.App. 326, 100 S.W. 1000, writ refused. This proposition is overruled.

■ By propositions No. 5 and No. 6 the appellant contends that the trial court committed error by conditionally submitting to the jury the issue relating to partial disability. These propositions would present error if the evidence on behalf of appellant raised the issue of partial disability. As we view the evidence, such is not the case. Appellant based its defense solely on the theory that appellee did not receive an injury as claimed by him and that his disability, if any, was due entirely to disease. The medical testimony of appellant, in effect, was that appellee was not suffering from an injury, but was suffering from a diseased condition of different parts of the body. A special issue covering this phase of the case was unconditionally submitted to the jury. The non-expert testimony on behalf of appellant was to the effect that appellee received no injury at all while in the employ of the Creosoting Company, while the evidence for appellee was that he was totally and permanently disabled on account of an injury received by him in the course of his employment with the Creosoting Company. As we understand the pleading and evidence in this case, the issues conditionally submitted constituted grounds of recovery rather than grounds of defense, and this being true, failure of the court to submit them at all could be of no concern to the appellant. Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S.W.2d 506, writ dismissed; and authorities there cited. The case of Traders & General Ins. Co. v. Shanks, Tex.Civ.App., 83 S.W.2d 781, writ refused, and many others are authority for the proposition that a defendant is entitled to an unconditional affirmative submission of defensive issues raised by his pleadings and evidence. We adhere fully to these holdings, but for the reasons heretofore stated, we do not think the above rule applicable to this case. In the case of Traders & General Ins. Co. v. Peterson, Tex.Civ.App., 87 S.W.2d 322, writ dismissed, Chief Justice Johnson of this Court, discussing a state of facts very similar to that here said (page 324): "On the question of the issue being raised in the evidence as a defensive issue, it is not thought that the Supreme Court, by refusing a writ of error in the Shanks Case, and thus approving the holding in that case, committed itself to a broad doctrine that the issue of

partial disability should be affirmatively and unconditionally submitted as a defensive issue in all cases arising under the Workmen's Compensation Act, but only in those cases would it be error to refuse to affirmatively and unconditionally submit the issue of partial incapacity when there is evidence in the record rebutting the issue of total incapacity and which shows or tends to show that plaintiff's incapacity is less than total."

These propositions are overruled.

█ By its seventh proposition appellant contends that the conditional submission by the trial court of special issue No. 5 relating to lump sum settlement constituted reversible error. Under the instructions of the court, special issue No. 5 was not required to be answered unless the special issue relating to appellee's total incapacity to labor and the permanency thereof were answered in the affirmative. As authority for this proposition appellant cites the cases of Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482, and Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679. The first case cited above dealt with an entirely different situation from that involved here. In that case the following instruction was given in connection with the issue of damages (page 487): "If, in response to the foregoing question, you have answered that the defendant's truck was operated in a negligent manner, and that such negligence, if any, caused the injury to the plaintiff, and if you have also answered that the plaintiff was not guilty of negligence, contributing to the accident, then you will answer the following question; otherwise, you need not answer the following question."

In discussing the character of said instruction and the effect thereof on the jury respecting the other issues submitted, Judge Critz, then of the Commission of Appeals, said: "Counsel for Grasso contend that it is the law of this state that it is not reversible error to instruct a jury to the effect that affirmative or negative answers to certain questions will relieve them of the duty of answering certain other questions. *We agree to this contention in some instances.* In spite of this, it is certainly not proper for the court to tell the jury the ultimate result of all of their answers in submitting a case on special issues. In our opinion, the instruction preliminary to question No. 15, supra, in effect did exactly that. It will be noted that the instruction directed the jury that if they convicted the defendant of negligence and acquitted the plaintiff of contributory negligence, to find the amount of the plaintiff's damages, otherwise not. Such an instruction clearly told the jury that they must find the defendant guilty of negligence, and the plaintiff not guilty of contributory negligence, in order for the plaintiff to recover. Such a charge is undoubtedly in violation of our special issue statutes. It was a general charge, and informed the jury of the result of all their answers." (Italics ours).

The second case cited last above deals with the conditional submission of the entire case based upon the answer of the jury to the first special issue relating to unavoidable accident. That case quotes with approval the holding of Judge Critz copied above. Both of those cases recognized the rule and so state that it is permissible "in some instances" to conditionally submit special issues to the jury. We are of the opinion that the issue here under discussion, namely, that relating to lump-sum settlement comes clearly within the ("some instances") rule. In Perkins v. Nevill, 58 S.W.2d 50, in discussing a question very similar to this, the Commission of Appeals said (page 52): "As a general rule, an instruction to the jury not to answer a given special issue in case another special issue be answered in a specified way is not improper. Exceptions to the rule depend on the existence of special conditions which render such an instruction improper in the particular case."

In Traders & General Insurance Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359, writ dismissed, we said (page 361): "This precise question was before the Court of Civil Appeals at El Paso in Traders & General Ins. Co. v. Babb, 83 S.W.2d 778, and it was there said: 'We regard this objection as hypercritical and overrule same.' We agree with the conclusion and overrule these propositions."

To the same effect is Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849, and authorities there collated. This proposition is respectfully overruled.

Proposition No. 8 also asserts that the trial court committed error in conditionally submitting to the jury certain other special issues. What we have said in discussing the foregoing proposition relating to similar questions dispose of this proposition, and it is accordingly overruled.

All other propositions advanced by appellant have been carefully examined and found without merit and are therefore respectfully overruled.

The judgment is affirmed.