## FEDERAL UNDERWRITERS EXCHANGE v. WOODS.

### No. 14079.

Court of Civil Appeals of Texas. Fort Worth.

April 19, 1940.

Rehearing Denied May 17, 1940.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for plaintiff in error.

Greines & Greines, of Fort Worth, for defendant in error.

BROWN, Justice.

This is a workmen's compensation suit, in which the injured employee recovered for total and permanent incapacity and was awarded a lump sum verdict.

That is what he sought to recover by his pleadings. He had no alternative plea for temporary total incapacity, and none for partial incapacity, permanent or temporary. The insurance carrier pleaded only a general denial.

We give this preliminary statement of the pleadings because the troublesome question of conditional or unconditional submission of issues arises in the case.

The first four propositions complain, in effect, of the fact that the jury found that the fair and just wage in the instant suit was the amount that the employee was receiving at the time of the injury; and the insurance carrier bottoms its complaint upon the fact that neither the injured employee nor any other employee, engaged in like employment, had worked substantially the whole of the preceding year, at the particular work in which the employee was engaged.

This quotation from the second proposition seems to state the position taken in this case: "It was never intended by our Workmen's Compensation laws to permit an injured employee to recover more compensation than he could have earned as wages had he not been injured, in fact, that law never intended that he should collect as compensation more than sixty per cent of the wages he could earn or receive prior to his injury."

Both in the oral argument and in the brief the contention is made that this employee has been permitted to recover a sum bottomed upon a wage earned as if the employee could obtain work for a whole year, when the proof shows that he could only obtain work for a part of a year.

If we correctly understand the position taken by the insurance carrier, it is that, in a case like the one at bar, an excessive judgment has been rendered because the verdict and judgment are bottomed on what the jury has found to be a fair and just wage rate for this employee, instead of on what the employee could have actually earned per year.

We analyze the contentions as urging that, in such a case as this, where the employee has not been able to secure employment for substantially a whole year, and where no other employee, of like kind, has been so employed for substantially a year, the compensation should be computed on the loss of actual earnings.

We have thought that the loss of ability to earn was the prime issue in such cases. Need we cite any other authority than Texas Employers Ins. Ass'n v. Clack, 132 S.W.2d 399, 401 (Tex.Com. of Appeals, opinion adopted by the Supreme Court), wherein it is said: "One of the underlying purposes of our compensation statutes is to compensate an injured employee, not merely for loss of earnings, but for loss of earning capacity, at a wage rate based on

his capacity to earn when employed on a full-time basis"?

We are of opinion that any other construction of the Workmen's Compensation Law, Art. 8309, R.C.S., Vernon's Ann.Civ. St. art. 8309, would be unjust and unfair to the employees in whose behalf the law was enacted.

■ The fifth and sixth· propositions complain of the trial court permitting the witness Randle and the plaintiff Woods to testify to what these witnesses considered was a fair and just wage rate in this case.

The contention is that the questions propounded call for a conclusion of the witness on a question of law and for a conclusion of fact which was the ultimate issue for the jury.

We observe that the plaintiff Woods alone sought to introduce some proof on the issue of a fair and just wage .rate. The insurance carrier made no effort to introduce evidence on such issue.

The ultimate issue was submitted to the jury and determined by the jury.

There is evidence of some probative force to sustain the finding of the jury even if we disregard the questions and answers that afford the appellant its reasons for the objections tendered.

We do not believe that any error is shown, and we believe that the injured employee has met the situation in à manner that satisfies the holdings by us in Federal Underwriters Exchange v. Arnold, 127 S. W.2d 972, writ dismissed—correct judgment, and Traders & General Ins. Co. v. Crouch, 113 S.W.2d 650, writ dismissed. See, also, Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031, writ dismissed.

We see no error, requiring a reversal, in the manner in which the plaintiff and the witness Randle were interrogated, as shown by appellant's brief.

We overrule assignments of error Nos. 1 to 6, inclusive.

■ The seventh and sixteenth assignments of error complain of the manner in which the trial court submitted the issue on temporary incapacity. The seventh asserts that the court erred in submitting the issue of temporary incapacity conditioned upon a negative answer to the issue pertaining to total and permanent incapacity; and the sixteenth asserts that the trial court erred in overruling the defendant's objections to the charge as disclosed in paragraph 15 of such written objections.

Bearing in mind the fact that the employee sought by his pleadings to recover only for total permanent disability, and that the insurance carrier answered only by a general denial, we do not find any error in the charge.

The court submitted, unconditionally, the issue of total disability, and then conditionally submitted the next issue (No. 5) on the question of the permanency of the disability, and the jury answered that it is permanent, and then charged as follows: "Q. If you have answered issue No. 5 'yes', you will not answer issue No. 6; but if answered 'No', then answer: 6. Do you find from a preponderance of the evidence that such total disability, if any you have found in answer to issue No. 4, is temporary?"

The court submitted the issue of partial disability unconditionally and the jury found that there was none.

The burden of proof was placed upon the plaintiff on every issue submitted.

It is appellant's contention that these issues should have been submitted unconditionally, on the theory that they are defensive issues, and that the burden of proof has therefore been placed wrongfully upon the defendant.

The cases relied upon by the appellant clearly hold that where the pleadings and evidence raise the issues of total incapacity and partial incapacity and the permanency thereof, or the temporary character thereof, these issues should all be submitted unconditionally; but where the pleadings and evidence do not raise such issues, a different situation is presented. Here the employee pleaded only total and permanent disability and introduced testimony in support of his claims. The insurance carrier pleaded a general denial and introduced testimony to show that the employee sustained no such injuries as those claimed.

Appellant cites us to Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, 388, writ refused, but we find the following said in that case: "In a case that permits the defendant to prove an affirmative defense under a general denial and the testimony raises such affirmative defense, the defendant is entitled to an affirmative submission of the defense so raised, but, if the evidence offered tends only to negative the cause of action pre-

sented, the issue or issues on which such action depends should be submitted affirmatively as plaintiff has the burden of proof, but the negation of such issue should not be affirmatively submitted. Texas Employers' Ins. Ass'n v. White (Tex.Civ.App.) 32 S.W.(2d) 955."

A writ was refused in the cited case.

We believe that what was said in Zurich General Accident & Liability Ins. Co. v. Moss, Tex.Civ.App., 118 S.W.2d 410, 413, writ dismissed, is applicable here: "As we understand the pleading and evidence in this case, the issues conditionally submitted constitute grounds of recovery rather than grounds of defense, and this being true, failure of the court to submit them at all could be of no concern to the appellant."

The propositions presented are not well taken, in our opinion.

■ The ninth and tenth propositions assert that the term "the whole of the immediately preceding year", as used in the Workmen's Compensation Statute, is a legal term and one having a legal meaning different from its ordinary or literal meaning and it was error for the trial court to permit the witness Randle and the plaintiff to testify that they did not know of any employees of the same class as plaintiff who had worked substantially the whole of the year immediately preceding the date of plaintiff's alleged injury.

We see no merit in this contention.

If appellant desired to ascertain from these witnesses how many days in each year workmen were employed who were doing the same character of work as that in which plaintiff was engaged, or desired to ascertain such fact from any other witness, it had the privilege of doing so, and, if the testimony had shown that such workmen were engaged for a period of time that comes within the legal definition on which appellant relies, the matter could have been controlled by the trial court. But appellant made no effort to do this.

The court's charge gave a definition of this term and no complaint is made of the charge in that respect, and the jury found, in answer to the court's charge, that neither the plaintiff nor any other employee, of the same class, had worked for substantially the whole of the year immediately preceding plaintiff's injury, and no objection is made to that charge, and there is evidence to support the verdict.

It has been difficult to review this case because there are ten propositions presented and no reference is made under each proposition to the assignment (or assignments) of error on which it is bottomed, and there are nineteen assignments of error found in the back of the brief (some of which are not presented) and no effort has been made to point out the portion of the motion for a new trial from which they are taken; and the motion contains only one hundred and seventeen (117) distinct paragraphs assigning error.

■ Again may we respectfully urge that the propositions be shown to be germane to certain assignments of error, and that the assignments of error be shown to be certain portions of the record. All this will take but little time for counsel in the preparation of the brief, and will be of great assistance to the reviewing court.

All assignments of error presented are overruled, and the judgment is affirmed.