**GILBERT et al. v. LOBLEY et al.**

No. 14972.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 15, 1948.

Rehearing Denied Nov. 12, 1948.

Donald & Donald, both of Bowie, and George M. Hopkins, Jr. and Geo. M. Hopkins, both of Denton, for appellants.

Joe H. Cleveland, of Bowie, for appellees.

SPEER, Justice.

This is an appeal from a proceeding had under a motion for new trial in a suit in which defendants were cited by publication, under the provisions of Rule 329, Texas Rules of Civil Procedure.

By petition filed August 2, 1945, bearing docket No. 10484, styled Grady T. Chupp et al. vs. F. I. Bellows et al. in the District Court of Montague County, Texas, plaintiffs procured and had served citation by publication as against all defendants.

The record before us does not contain the petition in the original suit but with a view to shortening the record counsel for all parties stipulated the nature and result of said original suit.

This stipulation discloses that a large number of defendants were cited by publication. In the view we take of this appeal we think it unnecessary to name all of those so cited, but for clarity as to what we shall later say, the defendants may be divided into two groups, namely, the Lobley heirs and the Gilbert heirs. The original action was to recover against all defendants an undivided one-half interest in the mineral estate in the F. I. Bellows Survey in Montague County, Texas, consisting of 572½ acres of land.

Hon. Geo. M. Hopkins was by the court on September 17, 1945 appointed as an attorney to represent the defendants so cited by publication and as guardian ad litem for any of such defendants who were minors or under disability. That attorney filed an answer for all defendants and a cross action in behalf of those defendants whom we shall call the Gilbert heirs against their co-defendants, whom we shall designate as the Lobley heirs, and against the plaintiffs in that suit, in which it was asserted that the Gilbert heirs owned all of the mineral rights involved to the exclusion of plaintiffs and the Lobley heirs. The cross defendants were cited by publication in the Gilbert heirs' cross action.

Thereafter the court appointed Hon. E. D. Eakman attorney for the cross defendants (the Lobley heirs) and guardian ad litem for any of such defendants who may be minors or under other disability.

Judgment in the original case and cross action therein was entered on December 31, 1945, decreeing that the original plaintiffs and the Lobley heirs had no interest in the one-half mineral rights sued for, and awarded the whole of the one-half mineral estate to the Gilbert heirs (under and by virtue of their cross action). The estate was divided into fractional parts between the Gilbert heirs.

Within two years after the date of the judgment in the original suit, the Lobley heirs filed what they properly termed their motion for new trial supported by affidavit, under said Rule 329, T.R.C.P. They asserted an interest in the mineral estate involved in the suit previously referred to, that neither of them was present or participated in the original action, nor were they represented therein by counsel of their

own selection. Further allegations of good cause were made, the details of which we shall not set out.

No formal process or citation was issued or served on the Gilbert heirs in this proceeding. A copy of the Lobley heirs' motion for new trial was sent by U. S. registered mail by the attorney who filed the motion to Hon. Geo. M. Hopkins in another county, who, as above stated, had been appointed by the court in the original case as attorney and guardian ad litem. Mr. Hopkins thereafter timely filed an amicus curiae in the case showing that he was not a proper party upon whom service of citation or other process could be had in such circumstances. Later the trial court heard and overruled the amicus curiae suggestion and entered an order to that effect; Mr. Hopkins excepted to the order. Still insisting that the Gilbert heirs had not been properly cited to appear and answer the motion filed by the Lobley heirs and subject to such objections and the suggestion of amicus curiae, Mr. Hopkins answered the motion and trial was thereafter had to the court without a jury.

On February 25, 1948 the court entered his judgment on the motion for a new trial by the Lobley heirs, in which judgment it is recited: "and the above named defendants (the Gilbert heirs) having been given notice of the filing of said motion by service of a copy of the same upon the Hon. Geo. M. Hopkins, their attorney at law and in fact and he having filed answer herein, consisting of exceptions and general denial, the court overruled all of said exceptions and the matter proceeded to trial." The last mentioned judgment reformed the previous judgment entered on December 31, 1945 and awarded to each of the five Lobley heirs an undivided 1/300th interest in the mineral estate in controversy. (The record is somewhat obscure as to whether this interest so awarded is in the whole of the mineral estate in the Bellows Survey or the undivided one-half interest originally in controversy. This is not especially important for a determination of this appeal.) The same judgment awarded to the Gilbert heirs designated fractional interests respectively but less by that part awarded to the Lobley heirs than that awarded to the Gilbert heirs in the original judgment.

Omitting some incidents and procedural matters involved, but discussed later in this opinion under the Lobley heirs' motion to dismiss appeal, the Gilbert heirs appealed from the judgment entered in this proceeding.

■ We note that the motion for new trial by the Lobley heirs in fact bore the original docket number of 10484, styled Grady Chupp et al. v. F. I. Bellows et al., but for some reason the transcript was improvidently endorsed "Joe Gilbert et al. v. J. E. Lobley et al." and the style of the case last named was thus placed on our docket. This does not change the situation before us since the substance of the motion for new trial and not the endorsement or docket style thereof must determine its nature. Harkness v. McQueen, Tex.Civ. App., 207 S.W.2d 676.

In the interest of brevity and clarity, we shall refer to those whom we have mentioned as the Gilbert heirs as appellants and to those referred to as the Lobley heirs as appellees, and to distinguish this action from the motion for new trial by appellants we will embrace the original motion for new trial in quotation marks when we have occasion to refer to it.

At the outset of this discussion we are met with a motion by appellees to dismiss this appeal, first, because the bond is not in accordance with Rule 354, T.R.C.P., and second, because the bond in this appeal was not filed in time to confer jurisdiction on this court under Rule 356, T.R.C.P.

■ We overrule both grounds urged in the motion. This action involved a judgment for a recovery of an interest in land. Rule 364, T.R.C.P. provides in sections (c) and (e) that if the judgment is for the recovery of land and an appeal is taken, the trial court shall fix the amount of the supersedeas bond. In this case the court fixed the amount of bond at $100.00. The appellants filed their bond for that amount, conditioned and in the form provided by form No. 910, Stayton's Amended Forms (1948 Ed.).

■ The second ground in the motion presents a very interesting if not unique theory. Appellees contend that the bond was not filed within thirty days after rendition of the judgment. Without resort to some matters about which counsel for the respective parties differ in affidavits filed, it seems that the hearing of appellees "motion for new trial" was had on December 29, 1947; the judgment is dated and was entered on February 25, 1948. It was favorable to appellees. Counsel for appellees prepared the form of judgment to be entered and submitted it to the court as was his duty. (Rule 305, T.R.C.P.) The judgment contained the usual clause of exception and notice of appeal by those who are appellants here. Appellees' counsel sent to appellants' counsel by U. S. mail a copy of the judgment. There is an irreconcilable conflict between the attorneys as to the inclusion of exceptions and notice of appeal in that judgment but we think this immaterial for the purpose of the motion before us. Promptly upon receipt of a copy of the motion appellants' counsel filed what he called an exception to that part of the judgment, claiming that he did not authorize it and on February 28, 1948 appellants filed a lengthy motion for new trial. On March 26, 1948 counsel for all parties, with approval of the court, filed their agreement to postpone a hearing on the motion until April 2, 1948. On April 1, 1948 with counsel for all parties present and participating, the court heard appellants' motion for new trial and overruled it by an order of that date, to which appellants excepted and gave notice of appeal; the order recites that the amount of the supersedeas bond is fixed at $100.00. The supersedeas bond was filed and approved on April 23, 1948, within less than thirty days from the date of the order overruling the motion for new trial.

It is contended by appellees that the thirty days in which to file an appeal bond began to run with the date on which the judgment was entered, February 25, 1948, since that judgment contained exception and notice of appeal. We do not agree with counsel in this respect.

■ It must be conceded that trial courts of general jurisdiction have the inherent power during the term to set aside and otherwise entertain jurisdiction over their judgment rendered at the same term. Cohen v. Moore, 101 Tex. 45, 104 S.W. 1053. In International & G. N. R. Co. v. Hugen, 45 Tex.Civ.App. 326, 100 S.W. 1000, writ refused, the same rule was announced, and in that case exceptions were taken and notice of appeal had been given. In Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595, writ refused WM, the rule above mentioned was followed in a case in which appeal had been perfected by filing bond.

■ More especially applicable to the instant case and motion to dismiss appeal, we may observe that even though the judgment contained notice of appeal, yet no appeal had been perfected by filing bond. Until the bond is filed (where one is required), no appeal is perfected. Rule 363, T.R.C.P.

■ The district court of Montague County has "successive terms" without more than two days intervening between terms. This brings it within Rule 330, T.R.C.P. and the subsections of that rule. The Rule is substantially the same as the former Article 2092, Vernon's Tex.Civ. St. and its subdivisions. The provisions of the Rule will be construed as was the statute which it re-enacted. We therefore construe the cited Rule as controlling in this case in respect to the term of court, control of judgments by the court, time for filing and hearing motion for new trial. The period of time allowed by the Rule for such matters will be construed to mean the same as was formerly known as a court's current term. We are overruling the motion to dismiss for the reasons stated.

■ Appellants rely for reversal upon ten points of assigned error. The substance of the first point is that appellees filed the "motion for new trial" involved here under the provisions of Rule 329, T.R.C.P., against appellants who were adversely interested in the judgment, in which a "new trial" was sought but did not cite appellants as provided in the last above mentioned Rule. We sustain this point which requires us to reverse and remand this case. Our reason for this ruling will be presently stated.

650

Rule 329, T.R.C.P., under which this "motion for new trial" was filed provides in part as follows: "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection: (a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. *The parties adversely interested in such judgment shall be cited as in other cases.*" (Our emphasis.)

We have already shown that appellees attempted to comply with the emphasized provision in the Rule as to citing the adversely interested parties (appellants here) by sending a copy of the "motion for new trial" to Hon. Geo. M. Hopkins, who was attorney and guardian ad litem for appellants in the original suit. Hopkins filed an amicus curiae, it was overruled, he excepted to the ruling and subject thereto he filed an answer; with the issues thus made the hearing on the "motion for new trial" was had.

It is fundamentally true that under the Federal Constitution, 5th and 14th Amendments, that no person shall be deprived of his property, etc. wtihout due process of law, and by our Texas Constitution, Section 19, Article 1, Vernon's Ann.St., he cannot be deprived of property rights "except by the due course of the law of the land." 9 Tex.Jur. 569, sec. 127.

■ The law of this State is such that if one person seeks redress against another in the courts and petition is filed setting up the cause of action asserted by the plaintiff, by Rule 99, T.R.C.P., the Clerk issues citation for the defendant and he is thereafter served with that process and by this means the defendant is cited to appear and answer plaintiff's petition.

Rule 329, T.R.C.P., is a re-enactment of Article 2236, Vernon's Tex.Civ.St. The provisions in the Rule and the cited statute have been the law of this State since the beginning of statehood. When a statute is re-enacted by one of our Rules of Civil Procedure, the same construction will be given to the Rule as the courts had pre-

viously given to the statute. Pritzen v. Pritzen, Tex.Civ.App., 197 S.W.2d 363; Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42.

■ It is true that when a party is "cited" by a statutory process known as a citation, he is thus given notice that he has been sued, but mere "notice" that one has been sued, be that notice parol, written and personally delivered or sent through the United States registered mail, actual notice by inspection of dockets and records or by any other means than some form of legal citation, he is not obligated to appear and answer. We have many instances in which the statutes require one party to give another "notice" but in such instances the manner and time such notice is to be given is set out.

"Citation and notice are by no means synonymous." 33 Tex.Jur. 795, sec. 3. In the early case of Perez v. Perez, 59 Tex. 322, a very definite distinction is drawn between "notice" and "citation." It was there held that a notice is much less formal than a legal citation bearing a seal, and they are also distinguishable in the manner in which each may be served.

There are definite provisions of law by which certain defendants may be "cited" by publication. The difficulty of procuring service of citation never relieves a litigant from the necessity of citing his adversary when citing is required.

The appellee contends that the part of Rule 329, T.R.C.P., which we have emphasized means that the adverse party must be cited in cases like the one under consideration as in a motion for new trial in any other case. We know of no rule of practice that requires a party filing the ordinary motion for new trial to cite or otherwise notify the adversely interested party that he is filing such a motion, other than that found in Rule 72, T.R.C.P. The situation presented in this case is entirely different to one contemplated by Rule 72. It is not an ordinary motion for new trial such as occur in most cases where all parties are in court; in those cases the last cited Rule was intended merely as procedural, and not to bring an adverse party into court to answer the complaint of another.

The emphasized portion of Rule 329, T.R. C.P., was placed there for a purpose and may not be ignored.

■ Our Rules of Civil Procedure are comparatively new in our jurisprudence. To aid the bench and bar in the interpretation of these Rules of Procedure, the State Bar Association maintains a committee composed of outstanding lawyers to aid those who make inquiry in interpreting such Rules. The interpretations and constructions given by the committee are advisory only. Of course they are not binding upon the courts but may be considered in so far as they appear to be correct. The inquiries made and the answers of the committee are published in the "Texas Bar Journal." We find in Texas Bar Journal, Vol. 11, No. 4, page 276, an inquiry and answer pertinent to the matter before us. A question is asked the committee, substantially, Does service of a copy of motion for new trial (provided for in cases where judgment is rendered on citation by publication) on the attorney of record for the adverse party, as provided in Rule 72, meet the requirements of the provisions of (a) Rule 329, relating to the adverse party being cited? The committee answered: "No. It appears that Rule 329 contemplates actual service of citation. * * *" We think the interpretation of the Rule by the committee is correct.

We have seen no adjudicated cases which relate directly to the point of error here under consideration. The fact that no other court has set a judicial precedent has not deterred us from expressing our views thereon. In fact every legal principle was at one time without judicial interpretation and it is one of the functions of an appellate court to, at some time, announce what may be a precedent for the future.

As we view the appeal before us, it is from a judgment in a case where the complaining party was not served with citation or other legal process in the manner provided by law. We conclude that in such circumstances such a judgment should not be allowed to stand.

Appellants have raised several aserted errors in their attack on the judgment entered, such as, that there was an utter lack of testimony to support the identity of the person under whom appellees claim title; that the written instruments under which appellees hold were void, the failure of the trial court to file findings of fact and conclusions of law, and that appellees' claim of title under twenty-five years' limitation was not established. We have not discussed either of these points, nor do we express any opinion thereon. It is not at all improbable that if, as and when the case is tried again the testimony offered may not be the same either in quantity or quality adduced at the trial from which this appeal came.

For the reasons set out, we reverse the judgment of the trial court and remand the cause for another trial not inconsistent with these holdings.