### THOMAS et al. v. MULLINS et al.
#### No. 5571.

Court of Civil Appeals of Texas. Amarillo.
Oct. 18, 1943.

Rehearing Denied Nov. 22, 1943.

W. D. Benson, Jr., of Lubbock, for appellants.

Crenshaw, Dupree & Milam, of Lubbock, for appellees.

STOKES, Justice.

Sometime during the year 1937, J. M. Mullins and his wife filed a suit in the District Court of the 72nd Judicial District in and for Lubbock County against the appellants herein, J. M. Thomas and R. L. Thomas, and also H. L. White, H. G. Lawson, and W. C. Brown, three of the appellees here, the case being numbered 7474 on the docket of the district court. In that suit they alleged that the plaintiff, J. M. Mullins, and the defendants in that case owned and were operating a partnership

business known as the Texas Auction & Commission Company, and prayed for a dissolution of the partnership, an accounting of its affairs, and that a receiver be appointed to take charge of its assets pending the final disposition of the suit. On February 20, 1938, an order was entered by the court appointing Dave Peters receiver, who took possession of certain assets of the partnership, and on February 24, 1938, a written contract was entered into by all of the parties in which the matters in dispute were adjusted and finally settled. The contract provided that it might be entered by the court as an agreed judgment, and on February 28, 1938, a judgment embracing the contract was entered by the court, in which it was stated that all of the parties to the suit, naming them, appeared by their respective attorneys and announced in open court that they had mutually settled and compromised all differences between them in the manner and form set out and stipulated in the contract, and that such contract and the rights of the parties might be adjudged and determined by the court in accordance with the terms and conditions of the contract.

On March 17, 1938, during the same term of the court, another judgment was entered in the same cause, which differed in some respects from the first judgment, and on March 19, 1938, the appellants herein, who were defendants in that case, filed a motion in which they prayed that both of the judgments entered by the court be set aside and they be granted a new trial. The motion was overruled and appellants perfected an appeal to this Court from the second judgment, no appeal being perfected from the first judgment. The case was disposed of in this Court on March 13, 1939, by an opinion reported in 127 S.W.2d 559, in which this Court held that the second judgment entered by the court did not have the effect of vacating the first judgment and, no order having been entered by the court vacating or setting aside the first judgment at the time the second judgment was entered, the second judgment was a nullity. For the reasons set forth in the opinion, this Court reversed the first judgment entered by the court below and remanded the case for another trial. The appellees in that case applied to the Supreme Court for a writ of error, which was granted, and that Court likewise held that the second judgment was null and void but dismissed the appeal because no appeal had been per-

fected from the first judgment. Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83. (Incidentally, that question was not, in any manner, presented to, nor passed upon by, this Court.)

On February 5, 1942, appellants, J. M. Thomas and R. L. Thomas, filed the instant suit in the 72nd District Court of Lubbock County against the appellees, J. M. Mullins and his wife and H. G. Lawson, Dave Peters, I. D. Walker, Claude Keeton, L. A. Howard, W. C. Brown, and H. L. White, who now compose the partnership known as the Texas Auction & Commission Company, the suit being in the nature of an equitable bill of review, in which they alleged that the contract of settlement entered into by them with the other partners on February 24, 1938, was procured by fraud, and sought to set aside both of the judgments entered by the court in Cause No. 7474 on February 28 and March 18, 1938, and to have an accounting of the profits accumulated from the operation of the business of the Texas Auction & Commission Company, of which they alleged their share was at least the sum of $500,-000.

Appellees filed an answer in which they leveled a number of special exceptions at the petition, one of which, numbered 2(c), was, in effect, that there were no allegations to the effect that appellants had exhausted their legal remedies by a motion for a new trial, appeal, or writ of error from the first judgment entered by the trial court in Cause No. 7474, and no legally sufficient allegations of any excuse for their failure to do so, and that without such allegations they were not entitled to maintain this proceeding in the nature of a bill of review to set aside that judgment. The court sustained all of the special exceptions and, appellants having declined to amend their pleading, the case was dismissed. Appellants duly excepted to the order of the court sustaining the special exceptions and dismissing the case and have perfected an appeal to this Court where they assail the judgment of dismissal upon a number of grounds.

We think the vital and controlling question in the case is presented by the contention of appellants that the court erred in sustaining appellees' special exception No. 2(c), and that a proper disposition of that question makes it unnecessary to pass upon the other assignments of error. The rec-

ord shows that appellants signed the contract of settlement of February 24, 1938, and were represented by attorneys when the judgments were entered in Cause No. 7474, both on February 28, 1938, and on March 18, 1938, and that they appeared by such attorneys. They alleged in their petition in the instant case that they employed another attorney, a member of the Bar at Lubbock, to represent them in further proceedings in that case, and that he filed a motion for a new trial directed to both the judgment dated February 28, 1938, and the one dated March 17, 1938, but that when it became necessary to perfect an appeal from the order of the court overruling the motion, their attorney inadvertently selected the wrong judgment. We take this to mean that the attorney representing them appealed only from the second judgment in that cause, which was held, both by this Court and the Supreme Court, to be a nullity, and that he did not perfect an appeal from the first judgment. They alleged further that such error on the part of their attorney in selecting the wrong judgment from which to perfect the appeal was excusable and one for which neither they nor their attorney should be held negligent, because such error was invited by the action of appellee, L. A. Howard, who at that time was the attorney representing the defendants in the suit other than these appellants, in having entered and placed of record the second judgment and in having an execution issued thereon as though the same were a valid and subsisting judgment. They alleged that L. A. Howard was an attorney of great legal ability and much experience and that other attorneys were entitled to rely upon his conception of what was a final judgment. They alleged it was only after the case was decided by the Supreme Court that it was discovered, either by them or their attorney, that the second judgment entered by the trial court was a nullity, and that immediately upon making such discovery they instituted the instant suit and, therefore, they should not be charged with negligence in failing to appeal from the first, and only valid, judgment that was entered in Cause No. 7474.

█ We are unable to agree with appellants in these contentions. The rule is firmly established in the jurisprudence of this State, as well as in every other jurisdiction in this country, that a court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the case and upon proof that, after doing all that such diligence requires to be done, the complaining party has been deprived, by fraud, accident, mistake, or other uncontrollable circumstance, of an opportunity properly to present his case upon the trial. If it becomes apparent that he must fail in his suit and he does not avail himself of all means that are placed at his disposal by the rules of procedure to avoid the judgment, and take advantage of every remedy available to him by which he may vacate it after it has been rendered, equity will not interfere with the judgment by granting him such relief as appellants seek in this case. Stewart v. Byrne, Tex.Com. App., 42 S.W.2d 234; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Goldapp v. Jones Lumber Co., Tex.Civ.App., 163 S.W.2d 229; Avant v. Broun, Tex.Civ. App., 91 S.W.2d 426.

It is conclusive from appellants' own allegations that the only reason they did not perfect an appeal from the judgment of which they now complain was that their attorney inadvertently selected the wrong judgment from which to appeal when he perfected an appeal in the original litigation. In passing upon a similar question, Judge Critz, in expressing the opinion of the Supreme Court Commission, which was approved by the Supreme Court, in the case of Smith v. Ferrell, supra [44 S.W.2d 966] said: "It has been well said, that, 'If mistakes in practice, or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party.' * * * And, therefore, the law in such cases wisely acts upon the maxim, * * *—it is for the public good that there be an end of litigation."

█ Certainly, neither appellants nor their counsel were justified in relying upon the judgment of Mr. Howard, who was not representing them but was the attorney for other parties in the former case, concerning the validity of the second judgment rendered by the court in that litigation. In fact, appellants do not allege that Mr. Howard made any representations or recommendations to them or their counsel, but only that he acquiesced in the entry of the second judgment and had an execution issued upon it. According to appellants' pleading, their own attorney inadvertently selected the void judgment as being the

proper judgment from which to perfect the appeal, and there are no allegations charging or even suggesting fraud, accident, mistake, or any other uncontrollable circumstance which induced their counsel to select the wrong judgment from which to perfect the appeal. The case therefore comes directly within the rule that, under a bill of review, a court of equity will not grant a new trial when the failure to have a full and fair presentation of the case has resulted from negligence, inadvertence, or mistake of counsel for the complaining party. Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986; Traders & General Ins. Co. v. Keith, Tex.Civ.App., 107 S.W.2d 710.

■ We are not impressed with the effort of appellants to excuse their failure to perfect an appeal from the first judgment entered by the trial court in Cause No. 7474, to the effect that they did not know the second judgment was not a valid judgment and that the first one was the only final judgment entered by the court, until the former appeal was disposed of by the Supreme Court on March 5, 1941. We know of no rule that will permit a litigant to indulge an erroneous conclusion concerning matters of this kind until they are passed upon by the courts. It was the duty of appellants' counsel to ascertain the legal status of the two judgments when he attempted to appeal the case. Even if there had been valid reasons for doubt in that respect, it would have been an easy matter for him to have included both of the judgments in the appeal. Moreover, the question was passed upon by this Court in the former appeal and an opinion handed down on March 13, 1939, wherein this Court held that the second judgment was a nullity and cited authorities of long standing in support· of the conclusion. Notwithstanding the notice given to appellants and their counsel by that opinion and the established law to that effect, appellants did not institute this suit nor make any other effort to avoid the judgment for al-most three years. They procrastinated even far beyond the date the case was finally decided by the Supreme Court on March 5, 1941, and did not file their suit until February 5, 1942, almost a year after the Supreme Court of the State had reaffirmed the well-established rule. Even if it could be said, therefore, that appellants and their counsel were justified in ignoring the first judgment when perfecting their appeal, because of the acts of the attorney for other and different parties in recognizing the judgment as a valid and subsisting one, they certainly could not be justified in the long delay in filing the instant suit after the status of the two judgments had been plainly pointed out to them by this Court and the Supreme Court.

In our opinion, no error was committed by the court below in sustaining the special exception presented by appellees concerning the matters we have discussed. The effect of the action of the court was to require appellants to plead facts, legally sufficient in their nature, to the effect that they had properly taken advantage of their right of·appeal in the former litigation, or facts that would legally excuse them from doing so. The allegations contained in their petition being wholly insufficient in that respect, and they having declined to amend, the case was properly dismissed, and the judgment of·the court below dismissing the same will be affirmed.