**BILLY MITCHELL VILLAGE, INC.,**
**Appellant,**

v.

**NEW YORK LIFE INSURANCE**
**COMPANY, Appellee.**

**No. 3928.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 26, 1965.

Rehearing Denied March 19, 1965.

Levey & Goldstein and Jay Sam Levey, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, George H. Spencer and Edward R. Finck, Jr., San Antonio, for appellee.

COLLINGS, Justice.

Billy Mitchell Village, Inc., brought this suit against New York Life Insurance Company, a corporation, P. N. Brownstein, Commissioner of the Federal Housing Administration and Eugene M. Zuckert, Secretary of the Air Force, seeking a declaratory judgment determining whether a note executed by plaintiff was in default. Plaintiff also sought an injunction to restrain a foreclosure sale under a deed of trust to satisfy the indebtedness evidenced by such note, which plaintiff admitted having executed but alleged was not in default. The defendant New York Life Insurance Company filed a cross action against plaintiff, alleged that it was the owner of the note and sought to recover the balance due thereon and to foreclose its deed of trust. Plaintiff Billy Mitchell Village, Inc., filed an amended petition and in addition to the relief previously sought prayed for damages for an alleged conspiracy on the part of New York Life Insurance Company, the Federal Housing Commissioner and the Secretary of the Air Force, jointly and severally. The defendant New York Life Insurance Company filed a motion for summary judgment on its cross action, which was granted, and, on January 8, 1964, judgment was entered against plaintiff for the sum of $2,445,084.07, the amount found to be due on the note, for attorney's fees and for foreclosure of the deed of trust lien. Thereafter on March 12, 1964, the court ordered that the cross action of defendant New York Life Insurance Company be severed from that portion of plaintiff's suit seeking damages for alleged conspiracy on the part of the defendant insurance company and other named defendants, and ordered that the summary judgment on defendant's cross action rendered on January 8, 1964, be made final. Plaintiff Billy Mitchell Village, Inc., has appealed.

The record shows that the note sued upon was dated July 21, 1949, and in the original amount of $3,220,000.00; that by its terms the principal and interest thereon was payable in monthly installments beginning January 1, 1951 and ending July 1, 1983. The note provided that if any default in payment was not made good prior to the date

of the next installment, said note at the option of the holder should become immediately due and payable without notice and that the lien securing same might be foreclosed. The note was secured by a deed of trust containing similar provisions as to acceleration without notice and provided further for the deposit of sums of money for mortgage insurance pursuant to the National Housing Act, taxes and insurance. It is undisputed, subject to qualifications as hereinafter indicated, that appellant defaulted on payments due on the note after May 20, 1963 and that the principal balance due on said note was the sum of $2,445,-084.07 with interest thereon at the rate of 4% per annum from May 1, 1963. The Federal Housing Administration insured the note upon which this suit is based and became the owner of all the first preferred stock of appellant.

The record shows that an amendment to appellant's charter provides for a reserve fund for replacements to be created by additional payments in the amount of $1,-547.64 per month over the life of the mortgage to be deposited with the mortgagee. The charter amendment further provides that no disbursements from this fund may be made without the written consent of the Federal Housing Commissioner, the holder of the first preferred stock. It was established by affidavit that the Federal Housing Administration had not consented to any disbursement of said reserve fund to be applied to the principal and interest due and payable under the terms of the note upon which this suit was based.

Appellant asserts and shows that in addition to the payment of the principal and interest on said note and a reserve deposit for taxes and insurance that it has paid to appellee as a reserve for replacements under the charter provision in excess of $198,500.00 which sum is held by appellee but belongs to appellant and that appellee has invested part or all of said reserve fund or has used same for its own benefit over a period of years and has never made any

accounting to appellant; that said reserve account was more than sufficient to take care of the claimed delinquent installments and that after applying said reserve to payments or installments then due there would still remain more than a reasonable amount to take care of replacements or repairs which might be needed for the property covered by the deed of trust. Appellant asserts that appellee has failed and refused to apply the amount of the reserve held by it to the payment of appellant's note and that appellee claims it has no authority to use said reserve for that purpose; that the Commissioner of the Federal Housing Administration has claimed that he could not authorize the application of the reserve to the payment of said note unless requested to do so by appellee, and that if the consent of said Commissioner or the request of appellee were required the Commissioner wrongfully withheld such permission and appellee wrongfully failed to make such request and that the withholding of such permission and request of said parties was part of a conspiracy to acquire appellant's property for the United States without the payment of just compensation.

Appellant urges points contending that the court erred in granting appellee's motion for a summary judgment; that it was the duty of the court to hear evidence, require an accounting by appellee and make a determination as to the amount owed by appellant before it ordered a foreclosure sale. Appellant contends that there was an issue of fact as to whether or not its note was in default; that appellant had set up a reserve account with appellee for replacements which had accumulated in excess of $198,500.00 at the time of the trial which was more than adequate to take care of all payments on the note then due and leave an amount sufficient to cover all necessary replacements; that the reserve account for replacements was not required by the terms of the deed of trust held by appellee, nor was there any other contract between appellant and appellee which required appellant to set up and maintain such a reserve ac-

count for the benefit of appellee; that such reserve account for replacements was required by appellant's charter provision and was a matter wholly between the Federal Housing Association and appellant, and did not in any way affect the note or deed of trust in question. Appellant therefore contends that it was entitled to withdraw such reserve account funds in excess of that required for all necessary replacements, and to apply same to the payment of its note, and that the court erred in not so holding, and in granting appellee's motion for summary judgment.

Appellant by its pleadings had admitted the execution and delivery of the note and deed of trust which is the basis of appellee's cross action. Appellant also admits that such note and deed of trust have been duly transferred to appellee. Appellant's pleadings also show the establishment of the "reserve for replacement account" provided for in appellant's charter provision, that there was in excess of $198,500.00 in this account, and that appellant requested appellee to apply part of such funds to the unpaid installments due on the note in question. Appellant's pleadings also indicate that its housing units have been about one-third occupied, causing appellant to be unable to make the payments provided for in its note held by appellee New York Life Insurance Company.

■ Appellant filed one affidavit in opposition to appellee's motion for summary judgment. This affidavit sets out that a request was made to appellee to apply the "replacement" reserve account of Billy Mitchell Village, Inc. on deposit with appellee New York Life Insurance Company to the note indebtedness of appellant and that appellee refused such request. The note held by appellee was thus admittedly in default unless appellant's contention concerning the application of a portion of the "reserve for replacement account" is well taken. In this connection it is noted that there is an express provision in appellant's charter that "Disbursements from such fund, whether for the purpose of effecting replacements of structural elements, furnishings and mechanical equipment of the project, or for any other purpose, may be made only after receiving the consent in writing of the holders of the 'First Preferred' stock." It is undisputed that the Federal Housing Administration is the owner and holder of the "First Preferred stock" and that that agency has not, in writing or otherwise, consented to such an application of the reserve fund held by appellee as a replacement account. Appellant's contention that there should be such an application of the reserve account to past due payments and that its note is therefore not in default is not well taken. United States of America v. Pine Hill Apartments, Inc., 5 Cir., 261 F.2d 667; United States of America v. Queen's Court Apartments, Inc., 9 Cir., 296 F.2d 534. In both of the above cited cases there were charter provisions in the defendant's corporation's charter substantially the same as the charter provision here under consideration. In the last cited case it is stated in the court's opinion as follows:

"We believe that the Pine Hill case supports the contention of appellant that it was not required to use the replacement fund to make up the payments which were delinquent upon the note, and that it was not required to credit the mortgagor with the funds in this reserve replacement fund prior to the time for determination of whether or not there was a delinquency after the foreclosure sale.

"We also agree with the second contention made by the government that the government had a right to hold these funds as a set-off against any possible amount due the government after a foreclosure sale. In fact, appellee concedes that the government has a right of set-off, its contention being that the government has no right to choose the time at which it will apply the funds in its hands as a set-off. We cannot agree with appellee's con-

tention in this regard. The payment of the funds in the replacement fund was a condition upon which the money was originally loaned. If the government was required to use these funds to wipe out any possible monthly delinquent payments as they became due, the replacement fund could be wiped out very quickly and any value that arises from requiring such a fund would be dissipated.

"We hold that the appellant was not required to return the funds held in the replacement fund prior to foreclosure and that the district court was in error in so conditioning its order of foreclosure. We disagree with appellee's contention that equity required the payment of this fund to appellee prior to foreclosure. We see no inequity in the fund being held by appellant until after the foreclosure sale. If there is then a deficiency in the amount due to appellant the funds can properly be applied toward reducing such deficiency. If there is no deficiency, the claim of appellee to such funds can then be recognized and any portion thereof to which appellee may be entitled may be paid to it."

 Appellant contends and the record shows that this case was submitted to the court upon appellee's motion for summary judgment on its suit on the note and for foreclosure of the deed of trust. No motion for severance was made. The court granted appellee's motion for summary judgment but did not at the time order a severance. Thereafter, subsequent to the filing of appellant's motion for new trial on the summary judgment, the court ordered a severance of appellee's cross action from appellant's suit against appellee, the Federal Housing Commissioner and the Secretary of the Air Force, and it was provided that the latter cause would thereafter bear a different number on the docket of the court. The order of severance further provided

that the summary judgment previously rendered be made final.

We overrule appellant's fifth point in which it is urged that since the court granted a summary judgment without at the same time severing appellee's cross action seeking damages for alleged conspiracy, it was error for the court to thereafter grant a severance. The summary judgment was not final until it was severed. The order of severance confirmed the previous order granting appellee's motion for summary judgment. The effect of the severance was to make the summary judgment final and appealable. Craig v. Rio Grande Electric Cooperative, Tex.Civ.App., 346 S.W.2d 438 (Ref. N.R.E.); Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199 (Writ Ref.); Pierce v. Reynolds, 160 Texas 198, 329 S.W.2d 76; Hamilton v. Hamilton, 154 Texas 511, 280 S.W.2d 588.

The judgment is affirmed.