CITY OF LUBBOCK, Texas, Petitioner,

v.

Robert ISOM, Respondent.

No. C–48.

Supreme Court of Texas.

Feb. 25, 1981.

John C. Ross, Jr., City Atty., Donald G. Vandiver, Asst. City Atty., Lubbock, for petitioner.

Holder & Medina, Floyd D. Holder, Jr., Lubbock, for respondent.

PER CURIAM.

This case involves a bill of review which challenges the validity of a declaratory

judgment issued pursuant to Article 717m.[1] The declaratory judgment decreed the validity of the City of Lubbock's authority to issue certain securities. Robert Isom participated in the trial which resulted in the declaratory judgment, but took no appeal from that judgment. After the time for appeal had passed, Isom and James Marshall filed this bill of review. By way of a plea in bar, the City of Lubbock alleged that Isom and Marshall were barred from bringing this bill of review by Article 717m, Section 8. The trial court dismissed the bill of review after a hearing on the pleadings. Only Isom appealed the order of dismissal. The court of civil appeals reversed the judgment of the trial court and remanded the case to that court. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Article 717m, Section 8 defines the consequences which attach to a declaratory judgment establishing the authority of a city to issue certain securities.[2] That statute provides, in pertinent part:

> In the event the decree of the District Court determines that the Issuer has authority to issue the Securities for the consideration and upon the terms set forth in the petition for declaratory judgment hereunder, ... and no appeal is taken within the time above prescribed, ... such decree shall, as to all matters adjudicated, be forever binding and conclusive, against the petitioner and all other parties to the cause, ... *and shall constitute a permanent injunction against the institution by any person of any action or proceeding contesting the validity of the bonds,* .... (Emphasis added.)

In this case, the District Court had determined that the City had the authority to issue securities. Isom took no appeal from that declaratory judgment. Article 717m, Section 8, expressly barred Isom from bringing this action. The trial court therefore properly sustained the City's plea in bar, and correctly dismissed Isom's bill of review.

The judgment of the court of civil appeals reversing the judgment of the trial court and remanding the case is contrary to Article 717m, Section 8. Accordingly, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. Rule 483, Texas Rules of Civil Procedure.

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

2. Article 717m was superseded by Article 717m–1, effective June 6, 1979. However, under the express provisions of the latter Act, the amended article did not affect any cause, such as the one before us, pending on the effective date of the Act. Article 717m–1, Section 10 contains a prohibition similar to that in Article 717, Section 8.