Vester RICHIE, et ux., Appellants,

v.

RANCHLANDER NATIONAL BANK, et al., Appellees.

No. 14575.

Court of Appeals of Texas, Austin.

Dec. 3, 1986.

Rehearing Denied March 11, 1987.

J. Eric Toher, Wright & Patton, Houston, for appellants.

Ernest Reynolds, III, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for Federal Deposit Ins. Corp. (receiver for Ranchlander Nat. Bank).

. Richard W. Davis, Davis, Wardlaw, Hay & Whittenburg, San Angelo, for Doyle J. Todd, George D. Jenkins, Lester S. Murray, Howard Loveless, V. Murray Jordan, Alan Ledbetter, M.D. Rice, Leo Oates, Larry Smith, Phill Lorfing, and Marguerite Threadgill, Independent Executrix of the Estate of John Threadgill.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Vester W. and Maurice Richie, husband and wife, appeal from the district court's judgment which provides in part that the district court lacked jurisdiction to set aside its prior order granting partial summary judgment in favor of appellees. We agree with the district court and will dismiss this appeal for want of jurisdiction.

Appellants filed suit on April 1, 1976 against Ranchlander National Bank and Doyle J. Todd ["defendants"] alleging, in connection with certain banking transactions, common law fraud, fraudulent conversion, breach of fiduciary duty, negligence, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Usury Statute.

On January 31, 1985, defendants filed a joint motion for summary judgment. The Richies filed no response. After a hearing on February 4, 1985, the trial court signed an order granting partial summary judgment in favor of defendants. The court then signed an order severing from cause number 8215 all matters relating to the summary judgment, assigning these matters to cause number 8215A–B.

After severance, no further pleadings or documents were filed in the severed cause, number 8215A–B. The Richies subse-

quently filed a "Motion to Vacate Judgment and for New Trial" in cause number 8215. The trial court purported to grant that motion and on April 30, 1985, issued an order reciting that the court would rehear defendants' motion for partial summary judgment and "other matters raised or pending before this Court on February 4, 1985" in a hearing to be conducted June 28, 1985.

Defendants did not submit a new motion for partial summary judgment prior to the scheduled June 28th hearing. The Richies filed, again in the original cause, number 8215, a response to defendants' prior motion for summary judgment. Defendants filed a reply to the Richies' response in cause number 8215.

At the hearing on June 28, 1985, the district court orally purported to again grant defendants' motion for partial summary judgment with an order to be submitted. On August 19, 1985, the district court signed an order in cause number 8215 which, after a lengthy recitation of the procedural history of the case, stated:

> IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that it is without jurisdiction in this cause to hear or proceed upon any matter heretofore raised in Defendant's Motion for Summary Judgment and without jurisdiction to have entered the Order in Cause No. 8215 dated April 30, 1985, which purported to set aside the February 4, 1985, Order Granting Defendants' Motion for Partial Summary Judgment; and
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Order Granting Defendants' Motion for Partial Summary Judgment dated February 4, 1985, pending in Severed Cause No. 8215A–B by virtue of Order of Severance signed February 4, 1985, has become, and is now, final and this Court is without jurisdiction to make or enter any Order in Severed Cause No. 8215A–B in relation thereto; and
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in the event it does have jurisdiction

in this cause (No. 8215) to make a ruling or determination in relation to Defendants' Motion for Partial Summary Judgment, and that such Motion somehow remains viable in this cause, then and in that event the Court grants Defendants' Motion for Partial Summary Judgment and decrees that any and all claims made herein by Plaintiffs, or either of them, seeking affirmative relief of any type, or any affirmative recovery, in their most recent amended pleading, of, from, or against Defendants, or any of them, be, and such are denied and refused, and it is further decreed that as to such, Plaintiffs shall have and take nothing of, from or against the Defendants, or any of them. . . .

The Richies claim that the trial court erred in finding that their motion to vacate judgment and for new trial (filed March 5, 1985, within thirty days of the first order granting defendants' motion for partial summary judgment), failed to extend the district court's jurisdiction over the subsequent summary judgment proceedings. Appellants argue, in essence, that the court's April 30th order, stating that the court would rehear defendants' motion for partial summary judgment and "other matters raised or pending before this Court on February 4, 1985," nullified the order of severance and effected by implication a "reconsolidation" of the severed cause with the original cause. We disagree.

■ Texas R.Civ.P.Ann. 41 (1979) provides for consolidation of actions "by order of the court." Tex.R.Civ.P.Ann. 174(a) (1979) provides:

> When actions involving a common question of law or fact are pending before the court, . . . it *may order* all the actions consolidated. . . . (emphasis added)

The trial court here did not expressly order that the two causes be consolidated, and appellants have cited no authority for the proposition that such an order may be made by implication. Appellants cite only *Gilbert v. Lobley*, 214 S.W.2d 646 (Tex.Civ. App.1948, no writ) and *Harkness v. McQueen*, 207 S.W.2d 676 (Tex.Civ.App. 1947, no writ), neither of which lends direct

support to their argument of consolidation by implication.

Appellants construe the broad language in the trial court's order of April 30th to mean the court intended to reconsolidate the two cases. We note that the issue of consolidation was not then before the trial court, appellants having neither complained of the severance nor requested that the causes be reconsolidated. The trial court's subsequent order, stating that it lacked jurisdiction to issue the April 30th order, further indicates that it did not intend the April 30th order to effect a reconsolidation. We find that the two causes remained severed.

Since we hold that the two causes remained severed, we must determine the effect of filing the motion for new trial in the original rather than in the severed cause. Appellants cite *Gilbert v. Lobley, supra,* for the proposition that "the substance of [a] motion for new trial and not the endorsement or docket style thereof must determine its nature," 214 S.W.2d at 648, arguing that the mere misdesignation of the docket number on their motion to vacate judgment is irrelevant and had no bearing on the trial court's jurisdiction. In *Gilbert,* however, all pleadings and motions were filed under the proper docket number. The problem confronted by the court in that case, involving multiple plaintiffs and defendants, was that the motion for new trial was improperly styled "Joe Gilbert et al. v. J.E. Lobley et al." instead of "Grady Chupp et al. v. F.I. Bellows et al." All were parties to the dispute, but the movant placed the wrong names atop the motion for new trial.

We find *Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985) to be more directly on point than either *Gilbert* or *Harkness, supra,* when applied to the circumstances of this case. In *Philbrook,* the plaintiff severed his claim against one defendant and obtained a default judgment in the severed cause. That defendant then filed a motion for new trial in the original cause, rather than in the severed cause, and the judge entered an order in the original cause setting aside the default judgment. The Su-

preme Court reversed the judgment stating that the defendant's motion for new trial did not operate to extend the court's plenary power over its judgment beyond thirty days because it was filed in the wrong cause.

■ We decline to follow the construction placed on *Philbrook* by the San Antonio Court of Appeals in *Southland Paint v. Thousand Oaks Racket Club,* 687 S.W.2d 455 (Tex.App.1985, no writ). In *Southland Paint* a motion for new trial again was improperly filed in the original cause and not in the severed cause. The court of appeals held that *Philbrook* did not apply because the severance was obtained *after* the judgment was signed and not before. The court based this distinction on the statement in *Philbrook* that "the motion for new trial must be filed *in the same cause as the judgment* the motion assails" (emphasis added), thereby construing "the same cause" to mean the cause where the judgment was originally filed. We disagree with this construction. Once a judgment is severed, it is transferred to and becomes part of a different cause. Under *Philbrook,* the motion for new trial must be filed in the severed cause, regardless of when the severance was granted, because that is the cause wherein the judgment is filed.

■ On the record before us, the two orders appear to have been executed at virtually the same time. There is no indication that appellants were unaware of or objected to the severance. The severance of defendants' partial summary judgment from the original cause created a final appealable judgment. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959). Because appellants' motion for new trial was filed in the original cause, it failed to extend the district court's jurisdiction over the judgment rendered in the severed cause. Appellants had thirty days from the date the judgment was signed, February 4, 1985, to perfect an appeal. Tex.R. App.P. 41(a) (West 1986). Having failed to file a cost bond or its equivalent within the thirty-day limit, their perfection is untimely and we have no jurisdiction to entertain

this appeal. *Davies v. Massey*, 561 S.W.2d 799 (Tex.1978). Because we must dismiss this appeal, we do not address appellants' remaining points of error. The appeal is dismissed.