Michael W. RYALS, Suzanne Hart, Mazda Motor Corporation, and Transnational Motors, Inc., Relators,

v.

The Honorable Adolph CANALES, Judge, 298th Judicial District Court, Dallas County, Texas, Respondent.

No. 05–88–00121–CV.

Court of Appeals of Texas, Dallas.

April 12, 1988.

Rehearing Denied May 9, 1988.

**602**

Rhonda Johnson Byrd, Alison H. Moore, Dallas, for relators Ryals and Hart.

John C. Dacus, Karen Grem Johnson, Mark M. Donheiser, Dallas, for relators Mazda Corp.

Windle Turley, Charles McGary, Edward H. Moore, Dallas, for real party in interest McRoberts.

Before DEVANY, STEWART and BAKER, JJ.

DEVANY, Justice.

Relators Michael Ryals, Suzanne Hart, Mazda Motor Corporation, and Transnational Motors, Inc. seek a writ of mandamus to compel the Honorable Adolph Canales, Judge of the 298th Judicial District Court of Dallas County, Texas, to vacate an order which set aside an earlier judgment. For the reasons given below, we conditionally grant relators' petition for writ of mandamus.

Relators contend that the trial court signed an order on June 9, 1987, after the time that its plenary power had expired. Therefore, relators request this Court to vacate that order. We set out below a chronology of the events relevant to this proceeding.

**February 7, 1986:** Real Party in Interest Guy Wayne McRoberts brought a personal injury action against relators Michael W. Ryals and Suzanne Hart, who were alleged to have been negligent in the operation of a motor vehicle, and relators Mazda Motor Corporation and Transnational Motors, Inc., who were alleged to have sold an unreasonably dangerous product. The case in the trial court was assigned Cause No. *86–1630–M* (the "first cause number").

**November 14, 1986:** The trial court entered a judgment based on a settlement between Ryals, Hart, and McRoberts, severing McRobert's claims against Ryals and Hart from the action and dismissing the claims against Ryals and Hart.

**November 24, 1986:** The trial court signed two orders: (1) an amended judgment rendering judgment for McRoberts on the settlement and severing McRobert's claims against Ryals and Hart (the "November 24, 1986 amended judgment"), and (2) a separate order granting Ryals' and Hart's motion to enforce the settlement agreement and severing McRoberts' actions against Ryals and Hart from the remainder of the case.

**December 10, 1986:** McRoberts filed a motion to vacate judgment or for new trial.

**January 13, 1987:** The trial court overruled the motion for new trial.

**January 23, 1987:** McRoberts filed a motion to reconsider.

**January 29, 1987:** This was the date that the Dallas County district clerk gave the severed action a new file number, Cause No. *87–1261–M* (the "second cause number").[1]

**February 11, 1987:** In an attempt to appeal the November 24, 1986 amended judgment, McRoberts filed an appeal bond in the *first cause number*. The appeal was styled *Guy Wayne McRoberts v. Michael Ryals and Suzanne*

---

1. Relators have filed certified copies of all papers filed in the second cause number in this Court. The only two orders contained therein are the November 24, 1986 amended judgment and the separate November 24, 1986 order granting the motion to sever. Both orders contain the first cause number, which is stricken, and the second cause number written above the stricken first cause number. Both orders are file-marked January 29, 1987.

*Hart* and given Cause No. 05–87–00221–CV in this Court.

**May 7, 1987:** The Clerk of this Court advised counsel for McRoberts by letter that the transcript did not sufficiently reflect that the Court had jurisdiction over the cause because the November 24, 1986 amended judgment was only filed in the parent cause, the first cause number. The Clerk stated that the defect appeared to be correctable pursuant to TEX.R.APP.P. 58(b) and directed McRoberts to file a supplemental transcript containing the November 24, 1986 amended judgment in the second cause number by June 8, 1987.

**May 26, 1987:** McRoberts filed a letter motion in the trial court to reconsider the November 24, 1986 amended judgment.

**June 9, 1987:** The trial court signed an order in the first cause number vacating the November 14, 1986 judgment and the November 24, 1986 amended judgment and rejoining Ryals and Hart to the first cause number.

**July 7, 1987:** On motion of appellant filed June 10, 1987, this Court dismissed the appeal in Cause No. 05–87–00221–CV.

The essence of relators' complaint is that the November 24, 1986 amended judgment was a *final* judgment by virtue of the severance order of that date. Therefore, the trial court could not set it aside beyond the time provided by rule 329b of the Texas Rules of Civil Procedure. Relators argue that under rule 329b, since there was a timely motion for new trial filed after the November 24, 1986 amended judgment was signed, the trial court would have had plenary power over the judgment for only thirty more days following January 13, 1987, the date that the trial court overruled the motion for new trial. TEX.R.CIV.P. 329b(e); *see also Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985). Relators contend, therefore, that the June 9, 1987 order vacating judgment was signed outside the time that the trial court had plenary power. McRoberts contends, however, that the November 24, 1986 amended judgment was not a final judgment and that, therefore,

the trial court could set it aside at any time.

There are three issues to be addressed in this case. They are: (1) whether two of the four relators have standing to claim relief in this mandamus proceeding; (2) whether a severed judgment must be "rendered" under a new cause number before the severance is given the effect of a final judgment; and (3) whether the November 24, 1986 amended judgment was a nullity. We now address those issues.

## STANDING

McRoberts contends that relators Mazda Motors Corporation and Transnational Motors, Inc. do not have standing to bring this mandamus proceeding because the trial court's order setting aside the November 24, 1986 amended judgment did not affect their interests since that judgment concerned only defendants Ryals and Hart. We disagree.

In order for any person to maintain a suit it is necessary that they have standing to litigate the matters in issue. Standing consists of some interest peculiar to the person individually and not as a member of the general public. *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984); *see Cohen v. Rains,* 745 S.W.2d 949 (Tex.App.—Houston [14th dist.], 1988, orig. proceeding). A judgment in a mandamus proceeding cannot properly be rendered for one who is not a party to the proceedings. *Porth v. Currie,* 613 S.W.2d 534, 538 (Tex.Civ.App.—Tyler 1981, orig. proceeding).

In *Hunt,* the supreme court stated that the alleged failure of the court system in Harris County to provide trials of the relators' lawsuits gave them standing to prosecute the mandamus action to complain of the delay. In this case relators argue that, if the June 9, 1987 order is allowed to stand, there will be two new defendants in the main cause and many new theories in the lawsuit. We conclude that the additional issues to be decided and the accompanying delays occasioned by the rejoining of Ryals and Hart to the first cause give Mazda Motor Corporation and Transnation-

al Motors, Inc. standing to prosecute this mandamus action to complain of the June 9, 1987 order.

## SEVERANCE—NECESSITY OF RENDERING IN THE SECOND CAUSE

■ The general rule is that a judgment which does not dispose of all the parties and issues in the main suit is interlocutory and not appealable until a severance of that phase of the case is ordered by the trial court. *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex.1970); *Richards v. Allen*, 402 S.W.2d 158, 160 (Tex.1966); *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 77 (1959); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959); *Inman v. O'Donnell*, 722 S.W.2d 16, 18 (Tex.App.—Dallas 1986, orig. proceeding); *Billy Mitchell Village, Inc. v. New York Life Insurance Co.*, 388 S.W.2d 243, 247 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 941, 86 S.Ct. 396, 15 L.Ed.2d 351 (1965). In *Hall*, the supreme court stated that, "[w]hen this [a severance] has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable." 450 S.W.2d at 838.

In this case, the amended judgment recites that the "[p]laintiffs' actions against Michael W. Ryals and Suzanne Hart be severed from the remaining cause of action pending in this case, and that Defendant Ryals' and Hart's Motion to Enforce Settlement Agreement is sustained." Also, the trial court signed a separate order on November 24, 1986, which "ORDERED, ADJUDGED and DECREED that Defendants Ryals' and Hart's Motion to Enforce Settlement Agreement and Motion for Judgment and for Severance is in all things sustained."

McRoberts argues that, since he had other claims still pending under the first cause number, the November 24, 1986 amended judgment was not final in that cause. McRoberts argues further that the November 24, 1986 amended judgment was not "rendered" under the *second* cause num-

ber, and, therefore, it was not a final judgment in the second cause. However, this assumption is not consistent with the record before us.

Nevertheless, the real question is whether a second "rendering" of the same judgment as the November 24, 1986 amended judgment was even necessary to give it finality in the *second* cause number. In support of his contention, McRoberts cites cases in which the severances did not make the judgments final because there were remaining issues to be disposed of after the severances were ordered. *See Kansas University Endowment Association v. King*, 162 Tex. 599, 350 S.W.2d 11, 19–20 (1961) (the trial court severed the causes and then proceeded to try the issues remaining in the severed causes).

■ In the instant case, however, the November 24, 1986 amended judgment, *by its language*, disposed of all the issues between McRoberts and Ryals and Hart. The cases are clear that we must look to whether the judgment resolves all issues and rights of all the parties; if so, it will be treated as a final judgment for appellate purposes. *Zoning Board of Adjustment of the City of Lubbock v. Graham & Associates, Inc.*, 664 S.W.2d 430, 434 (Tex.App.—Amarillo 1983, no writ); *Highland Park State Bank v. Salazar*, 555 S.W.2d 484, 486 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.).

With respect to the ministerial act of creating the second cause, McRoberts argues that the district clerk could not have "entered" judgment in the second cause number because it was not in conformity with a pronouncement or rendition as the result of proceedings in the second cause. *See Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705, 707 (1944). McRoberts discusses the distinction in the case law between rendition of a judgment and its entry. In this case, however, the judgment was "rendered"; all that remained was the purely ministerial clerical function of assigning the second cause number. *Cf. Postell v. Texas Department of Public Welfare*, 549 S.W.2d 425, 427 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.) (al-

though bill of review was a separate suit from the underlying default decree, it would not be dismissed for not having a new docket number since the trial court could transfer it to an independent position on the docket). When the district clerk in this case subsequently set up the second cause number, he acted in accordance with the order contained in the November 24, 1986 amended judgment.

Finally, McRoberts makes the argument that the severance order was rendered without a showing of good cause as required by Local Rule 1.4 of the Dallas Civil District Court Rules and was therefore improper. Nevertheless, even an erroneous severance is effective, in the absence of an objection at the time. *Inman*, 722 S.W.2d at 18.

We conclude that, once the November 24, 1986 amended judgment adjudicated all rights of Ryals and Hart and severed the claims against them from the main cause, Ryals and Hart were *removed* from the main cause. In the second cause, there were no further issues to consider, and the November 24, 1986 amended judgment became a final judgment. The act of severing, even if erroneous, made the otherwise interlocutory judgment final. At that point, the trial court's jurisdiction over the severed judgment was limited to the time period provided under rule 329b of the Texas Rules of Civil Procedure.

Moreover, we note that rendering is the act of adjudication. It is pointless for the trial court to go through the same adjudicative act twice. Indeed, after a judgment had been entered as to Ryals and Hart and then severed from the first cause, the entry of another final judgment in the second cause which did not vacate the first judgment would have been a duplication and, therefore, a nullity. *See Hammett v. Lee*, 730 S.W.2d 350, 351 (Tex.App.—Dallas 1987, writ dism'd).

In reaching our conclusion that the order of severance in this case effected a final judgment as to Ryals and Hart, we also rely upon the decision in *Richie v. Ranchlander National Bank*, 724 S.W.2d 851, 852–53 (Tex.App.—Austin 1986, no writ).

In *Richie*, the trial court granted summary judgment in favor of two of the defendants against the plaintiffs in a cause numbered 8215. The trial court then severed the summary judgment from cause number 8215 and assigned it to a cause numbered 8215A–B. The plaintiffs then filed a motion for new trial in the main cause, number 8215. The trial court purported to grant that motion and ordered a retrial of the motion for summary judgment. The trial court then rendered a judgment in which it stated that it was without jurisdiction to proceed because the order granting summary judgment in the severed cause, number 8215A–B, had become the final judgment.

On appeal from that order, the plaintiffs in *Richie* argued that the order in which the trial court stated that it would rehear the motion for summary judgment *nullified* the order of severance and effected by implication a "reconsolidation" of the severed cause with the original cause. The court of appeals disagreed. It held that the trial court could not by implication order the two causes to be consolidated. Further in that case, and in reliance on the supreme court's holding in *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985), the court of appeals held that the motion for new trial filed in the parent cause, number 8215, did not operate to extend the appellate timetable as to the severed cause, number 8215A–B. Therefore, the court concluded that the appeal was not timely filed. *Richie*, 724 S.W.2d at 854–855.

In *Richie*, the court noted that no further pleadings or documents had been filed in the severed cause. 724 S.W.2d at 852. Nevertheless, the court stated:

> Once a judgment is severed, it is transferred to and becomes part of a different cause ... There is no indication that appellants were unaware of or objected to the severance. The severance of defendants' partial summary judgment from the original cause created a final appealable judgment.

*Richie*, 724 S.W.2d at 854.

Likewise, we hold that the severance in the instant case created a final appealable

judgment when it was signed. This approach is consistent with the general policy that the appellate timetable runs from the date of signing of the judgment which is appealed. TEX.R.CIV.P. 306a(1); 329b. It also lends certainty as to the date of the final judgment. Finally, this approach is consistent with the general rule that the severance order itself makes an otherwise interlocutory judgment final for purposes of appeal.

Finally, we follow the holding in *Philbrook* and conclude that the December 10, 1986 motion for new trial filed in the *first* cause number did *not* operate to extend the trial court's plenary power in the *second* cause number beyond the thirty-day period provided by TEX.R.CIV.P. 329b(d). Even if there were merit to McRobert's argument that the December 10, 1986 motion for new trial did extend the time of the trial court's plenary power, in no event could it be extended beyond thirty days after the trial court ruled on the motion for new trial, which was on January 13, 1987. TEX.R.CIV.P. 329b(e). Therefore, even under that scenario, the trial court's plenary power expired no later that February 12, 1987.

### WAS THE NOVEMBER 24, 1986 AMENDED JUDGMENT A NULLITY?

McRoberts argues that the November 24, 1986 amended judgment was a nullity because it made no real changes from the November 14, 1986 judgment which had ordered the severance and granted the judgment on the settlement. Assuming that McRoberts is correct, the November 14, 1986 judgment accomplishes the same result as the November 24, 1986 amended judgment—the severance and judgment as to Ryals and Hart. Therefore, the November 14, 1986 judgment would then be a final judgment. Under that theory, the trial court's June 9, 1987 order would still have exceeded the trial court's plenary jurisdiction.

### CONCLUSION

Because we conclude that the trial court acted beyond its jurisdiction on June 9,

1987, we conditionally grant relators' petition for writ of mandamus. *See Soto–Ruphuy v. Yates*, 687 S.W.2d 19, 22 (Tex.App.—San Antonio 1984, orig. proceeding). Judge Canales is directed to set aside the order of June 9, 1987, which vacates the judgment of November 14, 1986, the order of November 24, 1986, and the amended judgment of November 24, 1986, in cause number 86–1630–M, styled Guy Wayne McRoberts v. Michael W. Ryals, Suzanne Hart, City of Dallas, Mazda Motor Corporation, and Transnational Motors, Inc. We trust that Judge Canales will set aside the order of June 9, 1987 forthwith. If he fails to do so, the writ will issue.