Guy Wayne McROBERTS,
et al., Appellant,

v.

Michael W. RYALS and Suzanne Hart, Appellees.

No. 05–89–01369–CV.

Court of Appeals of Texas,
Dallas.

Oct. 8, 1990.

Rehearing Overruled Dec. 12, 1990.

Writ of Error Granted Jan. 18, 1991.

Bob Roberts, Ted Applewhite, Austin, for appellant.

Mark M. Donheiser, Rhonda Johnson Byrd, P. Michael Jung, Belinda A. Vrielink, Dallas, for appellees.

Before HOWELL, KINKEADE and BURNETT, JJ.

## OPINION

HOWELL, Justice.

Guy Wayne McRoberts appeals from a summary judgment rendered in favor of appellees Michael W. Ryals and Suzanne Hart in a bill of review proceeding. In four points of error, McRoberts contends that the summary judgment was erroneously granted. We overrule those points and affirm the trial court's judgment.

McRoberts originally filed suit against Ryals and Hart and others seeking damages for personal injuries. On November 14, 1986, the trial court rendered judgment for McRoberts based on a settlement between McRoberts and Ryals and Hart. That judgment dismissed the action against Ryals and Hart and severed McRoberts's claims against Ryals and Hart from the original lawsuit. On November 24, 1986, the trial court signed an amended judgment in favor of McRoberts based on the settlement. This judgment did not dismiss the action against Ryals and Hart, and it severed that action from the remainder of the original suit. On December 9, 1986, McRoberts filed a motion for new trial in the original action, maintaining that there was no enforceable settlement agreement. The trial court overruled that motion on January 13, 1987.

On January 29, 1987, the District Clerk assigned a new file number to the severed action. On that same day, the November 24 amended judgment was filed in the new action and the new file number was placed on the judgment. On February 11, 1987, McRoberts filed an appeal bond to initiate an appeal to this Court from the judgment in the original action. On May 7, 1987, the Clerk of this Court informed counsel for McRoberts that, although the November 24 amended judgment ordered a severance, the appellate record did not show that a final judgment had been entered in the severed cause. The Clerk's letter indicated that only an appeal from the severed cause was proper because the November 24 judgment was interlocutory with respect to the parent cause. The letter went on to suggest that McRoberts file a supplemental transcript with this Court containing an order filed in the severed cause disposing of the severed claims.

Instead, McRoberts's counsel apparently concluded that the trial court retained jurisdiction over the judgments rendered in November 1986, based on the assumption that those judgments were interlocutory.[1] McRoberts asked the trial court to reconsider the November 24 amended judgment. On June 9, 1987, the trial court signed an order vacating the November 1986 judgments and rejoining the claims against Ryals and Hart with the remaining claims in the original action. McRoberts then moved to dismiss his appeal filed in this Court, and the appeal was accordingly dismissed.

---

1. As explained below, the November 24 amended judgment, which would be the controlling judgment, was indeed interlocutory, but only with respect to the parent cause, as stated in the letter from the Clerk of this Court.

Ryals and Hart filed a mandamus action in this Court, contending that the trial court lacked jurisdiction to vacate the November judgment. This Court agreed with Ryals and Hart and conditionally granted a writ of mandamus directing the trial court to vacate its June 9 order. *See Ryals v. Canales*, 748 S.W.2d 601, 606 (Tex.App.—Dallas 1988, orig. proceeding). We held that the November 24 judgment was a final judgment as to the severed claims against Ryals and Hart and that the trial court's June 9 order exceeded its plenary jurisdiction. *Id.* at 605–06.

McRoberts then filed his application for bill of review in the trial court, seeking vacation of the November 1986 judgments. Ryals and Hart moved for summary judgment in the bill of review action. After initially denying the motion, the trial court ultimately granted it, stating that the summary judgment was based on Ground C (McRoberts's own fault) as stated in the motion for summary judgment. McRoberts appeals from that summary judgment.

▪ A bill of review is an independent equitable action brought by a party to a former action seeking to directly attack the judgment rendered in the former action when that judgment is no longer appealable. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *McEwen v. Harrison*, 162 Tex. 125, 131, 345 S.W.2d 706, 709–10 (1961). In order to be successful in a bill of review proceeding, the complainant must allege and prove: (1) that he has a meritorious defense to the claim alleged to support the judgment; (2) that he was prevented from making that defense or deprived of the right to appeal the judgment because of the fraud, accident, or wrongful act of the opposing party or because of an official mistake; and (3) that he was not at fault or negligent. *See Baker v. Goldsmith*, 582 S.W.2d at 406–07; *Petro–Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243–44 (Tex.1974). The grounds upon which a bill of review may be obtained are narrow because the procedure conflicts with the fundamental policy favoring finality of judgments. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407–08 (Tex. 1987).

▪ Summary judgment is proper if the summary judgment record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law on the issues expressly raised in the motion or in an answer or any other response. *See* TEX.R.CIV.P. 166a(c). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). In reviewing the propriety of a summary judgment, we are bound by these standards: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

McRoberts contends that because the trial court specified the basis for its granting of the motion for summary judgment, our review of the summary judgment is limited to the question of whether the judgment was properly rendered on the ground specified. McRoberts observes that there are cases stating that if the order granting summary judgment does not specify the basis for its ruling, the judgment will be affirmed if any of the theories advanced in support of the summary judgment are meritorious. *See, e.g., Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). On the other hand, we observe that the cases cited by McRoberts do not say that summary judgment will be affirmed on the basis of any meritorious theory advanced *only* if the trial court did not specify a basis for its ruling. *See id.; Tijerina v. Wennermark*, 700 S.W.2d 342, 347 (Tex.App.—San Antonio 1985, no writ); *Condovest Corp. v. John Street Builders, Inc.*, 662 S.W.2d 138, 139 (Tex.App.—Austin 1983, no writ).

■ The appropriate rule is that a summary judgment will be affirmed if any theory raised in support of the judgment is meritorious, even if the trial court expressly granted the motion for summary judgment for an erroneous reason. *See Curry v. Clayton*, 715 S.W.2d 77, 78, 80 (Tex.App.—Dallas 1986, no writ); *Trigg v. Blakemore*, 387 S.W.2d 465, 468 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.) (op. on motion for reh'g). This rule regarding summary judgments is consistent with the general rule that a correct lower court judgment must be upheld on any legal theory that was before the court, even if the lower court's judgment was based on an incorrect reason. *See Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (per curiam). The proper rule concerning review of summary judgments is also consistent with the general goal of judicial efficiency and economy. McRoberts has not advanced any proper justification for the proposition that a legally correct judgment must be reversed if it cannot be upheld on the ground or grounds specified by the trial court. We may affirm the summary judgment if it was justified by any legal theory raised in support thereof.

■ The motion for summary judgment advanced at least three grounds for summary judgment. Ryals and Hart maintained that McRoberts did not have a meritorious defense, either because his attempted appeal from the trial court's November judgment was untimely or because the appeal would have been unsuccessful on the merits. (In a case such as this, where the bill of review complainant maintains that he was deprived of the right to appeal a judgment, the requirement of showing a meritorious defense is translated into the requirement of showing a meritorious ground of appeal. *See Petro–Chemical Transport*, 514 S.W.2d at 245–46.) The motion also contended that McRoberts was not deprived of the right to appeal because of fraud, accident, or mistake of the opposing party or because of official mistake. Finally, Ryals and Hart argued that McRoberts's own faulty acts and omissions led to his inability to appeal the trial court's judgment. If at least one of the essential elements of McRoberts's claim for relief was negated as a matter of law, Ryals and Hart

were entitled to summary judgment. *See Pope v. Moore*, 729 S.W.2d 125, 127 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). In granting the motion for summary judgment, the trial court based its judgment on the ground of McRoberts's own fault.

■ Without addressing the merits of the other grounds, we uphold the summary judgment because McRoberts never filed a timely and effective appeal from the November 1986 judgments. The amended judgment of November 24, 1986 adjudicating all claims against Ryals and Hart and severing those claims from the parent cause was a final appealable judgment when it was signed. *Ryals v. Canales*, 748 S.W.2d at 605–06. The appellate timetable ran from the date of the signing of that amended judgment on November 24, 1986. TEX. R.CIV.P. 329b(h); *see Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988) (per curiam). McRoberts's December 9, 1986 motion for new trial filed in the parent cause was ineffective to extend the trial court's plenary power with respect to the November 24 appealable judgment in the severed cause. *Ryals v. Canales*, 748 S.W.2d at 606; *see Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985) (per curiam); *Richie v. Ranchlander Nat'l Bank*, 724 S.W.2d 851, 854 (Tex.App.— Austin 1986, no writ).

■ Because the trial court's plenary jurisdiction over its judgment was not extended by an effective motion for new trial, security for the costs on appeal was required to be filed within thirty days after the November 24 judgment was signed. TEX.R.APP.P. 41(a)(1). Although provision is made for an extension of the time allowed to perfect an appeal, *see* TEX.R.APP.P. 41(a)(2), McRoberts did not request such an extension. His appeal bond, filed on February 11, 1987, was untimely. The timely filing of security for the costs on appeal is mandatory, and the failure to comply with the timetables set forth in the rules is a fatal and jurisdictional defect. *See McDonald v. Newmyer*, 775 S.W.2d 652, 653 (Tex.App.—Houston [1st Dist.] 1989, writ denied) (per curiam); *Cavalier Corp. v. Store Enters., Inc.*, 742 S.W.2d

785, 787 (Tex.App.—Dallas 1987, writ denied); *Richie*, 724 S.W.2d at 854–55.

■ McRoberts argues that the erroneous filing of the motion for new trial in the parent cause of action should not be considered fatal because the severed cause was not docketed, opened, and numbered by the District Clerk until January 19, 1987. The simple answer to this argument is that it was McRoberts's responsibility, if he desired to appeal the November 24 judgment, to ensure that the procedural prerequisites were accomplished.[2] *See Thomas v. Mullins*, 175 S.W.2d 276, 278 (Tex.Civ.App.—Amarillo 1943, no writ) (one who selects the wrong judgment from which to appeal is not entitled to bill of review). The act of assigning a new cause number to the severed cause is a purely ministerial clerical function. *Ryals v. Canales*, 748 S.W.2d at 604. Since McRoberts desired to appeal from the judgment rendered in the severed cause (the only appealable judgment, *see, e.g., Pierce v. Reynolds*, 160 Tex. 198, 199–200, 329 S.W.2d 76, 77 (1959)), it was obviously in his interest to ensure that the District Clerk carried out this ministerial duty.

The law is clear that the motion for new trial had to be timely filed in the severed cause. *See Philbrook*, 683 S.W.2d at 379; *Richie*, 724 S.W.2d at 854. There is no indication in the record that McRoberts was unaware that a severance had been ordered; in fact, the record affirmatively shows that McRoberts had actual knowledge of the November 14 judgment.[3] Moreover, the November judgments were appealable *because* the claims against Ryals and Hart had been severed from the original action. *See Pierce*, 329 S.W.2d at 77. By attempting to appeal, McRoberts demonstrated that he was aware that the trial court's judgment was appealable as a result of the severance. Under these circumstances, we hold as a matter of

law that McRoberts failed to timely perfect his appeal from the final judgment in the severed cause of action.

■ Equity will not provide relief by way of a bill of review to a litigant who has failed to avail himself of the appropriate legal means provided to avoid or appeal a judgment. *Thomas v. Mullins*, 175 S.W.2d at 278; *Brannen v. City of Houston*, 153 S.W.2d 676, 678 (Tex.Civ.App.—Galveston 1941, writ ref'd); *see City of Lubbock v. Isom*, 615 S.W.2d 171, 172 (Tex.1981) (per curiam). In other words, one who seeks relief by a bill of review must show that he exhausted all adequate legal remedies available to him. *Moore v. Mathis*, 369 S.W.2d 450, 454 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.), *cert. denied*, 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). It is a fundamental requirement that a bill of review complainant must show that he has been compelled to suffer an adverse judgment because of circumstances wholly beyond his control. *Cotten v. Stanford*, 169 S.W.2d 489, 491–92 (Tex.Civ.App.—Amarillo 1943, no writ); *Brannen*, 153 S.W.2d at 678.

The record conclusively demonstrates that McRoberts filed a motion for new trial in the parent cause, a futile act that was ineffective to extend the trial court's plenary jurisdiction with respect to the appealable judgment in the severed cause. He filed an appeal bond that was untimely and did not request an extension of time. Therefore, his attempt to perfect an appeal was also a futile act and a fatal jurisdictional error. Had McRoberts not voluntarily dismissed the appeal, this Court would have been compelled to do so for want of jurisdiction. Furthermore, the attempted appeal by McRoberts was an appeal from the judgment rendered in the parent cause, a judgment which was interlocutory and unappealable. Thus, McRoberts

---

**2.** Thus, the allegation that opposing counsel volunteered to see that the severed cause was opened is of no moment. A party who wishes to appeal a final severed judgment, and who must do so within strictly defined time limitations, must bear the ultimate responsibility for ensuring that the required severance is fully accomplished. One who chooses to ignore or delegate this responsibility obviously does so at his own risk.

**3.** This fact renders irrelevant the District Clerk's alleged failure to provide notice of the judgments in accordance with rule 306a of the Texas Rules of Civil Procedure. *See* Tex.R.Civ.P. 306a(3); *Texas Quarries, Inc. v. Pierce*, 244 S.W.2d 571, 572 (Tex.Civ.App.—San Antonio 1951, no writ); *Murry v. Citizens' State Bank*, 77 S.W.2d 1104, 1105 (Tex.Civ.App.—Eastland 1934, writ dism'd).

appealed from the wrong judgment. Application of the law to these undisputed facts leads to the conclusion that McRoberts was not entitled to a bill of review as a matter of law. The established facts show that McRoberts's initial attempt to appeal the trial court's judgment was both untimely and ineffective because of circumstances within McRoberts's control. He did not use the proper legal avenues available to him in order to appeal the judgment which he now seeks to avoid by invoking the powers of equity.

Based on the foregoing, we hold that summary judgment was properly rendered against McRoberts. We therefore overrule all points of error and affirm the judgment of the trial court.